HURLEY, Judge.
The state appeals from an order granting defendant’s motion for discharge on speedy trial grounds. The trial court’s order was based on the mistaken impression that a defendant must be brought to trial within 90 days of the refiling of an information following a nolle prosequi. Defendant, however, waived his speedy trial rights in the initial prosecution and, as this court has previously held, a defendant’s waiver of speedy trial rights under a nolle prossed information carries over and is effective under the refiled information. State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976); Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975).
The prior waiver being applicable, the stringent time periods under Rule 3.191, Fla.R.Crim.P., give way to broader constitutional guidelines and the operative question becomes whether defendant was brought to trial within a reasonable period of time. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA), cert. denied, 360 So.2d 1249 *529 (Fla. 1978). In answering this question, the trial court should consider the criteria set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), specifically, length of delay, reason for the delay, defendant’s assertion of his right, and prejudice to the defendant.
The order is therefore reversed and the cause is remanded for a determination as to whether defendant’s constitutional right to a speedy trial has been impaired.
Reversed and remanded.
MOORE and BERANEK, JJ., concur.