COWART, Judge.
After the defendant-appellee had been properly granted a continuance the State nolle prossed the criminal charges because of the unavailability of a State’s witness at trial and thereafter filed a new information charging appellee with the same crime based on the same facts. More than 180 days after the date appellee had been taken into custody under the original information appellee moved for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191. The trial court granted the discharge. We reverse.
By moving for and obtaining a continuance appellee took this case out of the operation of the speedy trial rule and the time limitations of the rule are reactivated only by the denial of his motion for discharge or by his subsequent demand for speedy trial. Batterworth v. Fluellen, 389 So.2d 968 (Fla.1980), State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971), State v. Bufford, 383 So.2d 928, 929 (Fla. 5th DCA 1980).
In Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980), this court held that when two charges arise from the same criminal conduct or episode, a waiver of speedy trial in the first prosecution, which was nolle prossed, was also a waiver for the second.
When appellee was granted a continuance the speedy trial rule, including the provisions of Florida Rule of Criminal Procedure 3.191(b)(2) relating to nolle prosequi, became inapplicable to his prosecution and remained inapplicable to the subsequent prosecution based on the same criminal conduct or episode. The trial court was in error in discharging appellee and the order of discharge is reversed and the cause remanded for further proceedings.[1]
ORFINGER and FRANK D. UP-CHURCH, Jr, JJ„ concur.

. Under Butterworth and Cullen this opinion acts as a denial of appellee’s motion for discharge and thus requires appellee to be brought to trial within ninety days pursuant to Florida Rule of Criminal Procedure 3.191(d)(3).