ERVIN, Judge.
The state of Florida appeals an order dismissing an information which charged Wallace with the offense of escape. The lower court dismissed the information on the ground that Wallace was deprived of his constitutional right to speedy prosecution.[1] Because appellee has failed to demonstrate that he was prejudiced by the nearly three-and-a-half-month delay between the date of his return to custody and his first interview with the public defender, we reverse.
The record reveals that Wallace was charged with escaping from the Lawtey Correctional Institution on August 27,1978; that he was taken into custody in Georgia on June 5, 1980, and returned to Florida on June 14, 1980; that he was provided a first appearance on August 28, 1980, at which time the public defender was appointed to represent him, but that the public defender did not contact and interview him until more than a month thereafter, or until October 2, 1980.
The public defender’s motion to dismiss the information, filed November 19, 1980, generally recited that the failure to provide appellee with a timely first appearance had “resulted in an inability of the defense to timely and contemporaneously interview witnesses for and against the defendant and to reconstruct the scene, the atmosphere, and the circumstances leading to the charge against defendant in this cause; . . . . ” It was additionally alleged that as a result of the delay, appellee was forced to resort to stale testimony, long-past recollection of witnesses, and the possible loss of witnesses who might have information concerning his case due to their transfer within the prison system.
Although appellee’s allegations, if established, would no doubt support an order of dismissal, the difficulty with appel-lee’s case is that no evidence was presented at the hearing on the motion to dismiss, only arguments by counsel. The burden was upon the appellee to establish by competent and substantial evidence the thrust of his allegations. State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977). Unshown in the record is whether the delay caused by the state was a hindrance greater to appel-lee in the preparation of his defense than was the nearly two-year delay caused by appellee’s absence from the confines of the prison until his return to it. As Barker v. Wingo, 407 U.S. 514, 534, 92 S.Ct. 2182, 2194, 33 L.Ed.2d 101 (1972) states, the prejudice caused by the state must be more than merely minimal. The evidence must show more than that there was a delay in bringing appellee to trial. Consequently, we must hold under the circumstances that Wallace was not deprived of his due process right to a speedy trial.
Reversed and remanded for further consistent proceedings.
LILES, WOODIE A. (Retired) and PEARSON, TILLMAN (Retired), Associate Judges, concur.

. No contention was made, nor could one have been made, that the delay was a violation of Florida Rule of Criminal Procedure 3.191.