407 So.2d 1039 (1981)
James Robert TERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. AD-190.
District Court of Appeal of Florida, First District.
December 29, 1981.
*1040 Gene T. Moss, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
After trial by jury, defendant was found guilty and convicted of possession of Methaqualone and cocaine. Defendant argues that the conviction should be reversed on two grounds. First, defendant objects to the State's use of a discovery deposition which was read into evidence when the Court determined that the witness was unavailable. Second, the defendant contends that the trial court erred in denying the motion to suppress evidence discovered after a warrantless search of defendant's motel room. We agree that the deposition was improperly admitted into evidence and reverse on the first point. With regard to the second point, however, we find no error.
The contested deposition was taken by defense counsel for purposes of discovery under Rule 3.220(d), Fla.R.Crim.P.; the defendant was not present when the deposition was taken. The witness who gave the deposition was a key State witness (the informant who arranged and participated in the drug transaction) and his testimony was definitely prejudicial. The State sought to admit the deposition into evidence at trial by proving that the witness had become unavailable. After hearing testimony by a police officer that the witness had disappeared prior to trial and that police had made numerous unsuccessful attempts to locate him, the trial judge held that the deposition was admissible.
The substantive use of a deposition taken solely for the purpose of discovery *1041 has been held to be improper under the Florida Rules of Criminal Procedure. State v. James, 402 So.2d 1169 (Fla. 1981); State v. Basiliere, 353 So.2d 820 (Fla. 1978). Both of these cases reach the unequivocal conclusion that a deposition taken pursuant to Rule 3.220(d) may be used for impeachment purposes only. In order to use a deposition as substantive evidence, it must be taken in compliance with Rule 3.190(j), which sets forth the requirements for perpetuating testimony. These requirements were not met in the present case; therefore, the deposition was inadmissible.
The State has argued that Basiliere and James are distinguishable due the recent passage of § 90.804(2)(a) as part of the Florida Evidence Code. That statute provides that where a declarant is unavailable, the following is not excluded as hearsay:
Testimony given as a witness at another hearing ... or in a deposition taken in compliance with law in the course of the same or other proceeding, if the party against whom the testimony is now offered,... had an opportunity and similar motive to develop the testimony by direct, cross, or re-direct examination.
Even assuming that testimony at a discovery deposition is taken with a "similar motive" as examination at trial, § 90.804(2)(a) cannot be used to justify admission of the deposition. The deposition in this case was inadmissible as evidence because it failed to comply with the Rules of Criminal Procedure, not because it was "hearsay." The necessity of meeting the procedural requirements for the taking of depositions is recognized in § 90.804(2)(a), which states that the deposition must be "taken in compliance with law."
Although we reverse and remand for a new trial on the first point, we feel that it is appropriate to reach the second point so that it will not be necessary to reargue it if a new trial occurs.
Defendant was occupying a motel room with two other persons when police officers entered the room. The officers did not have a search warrant, but they did have an outstanding arrest warrant for one of the co-occupants, Mr. Powe. The police officers' entry into the motel room occurred only after a drug transaction set up between a confidential informant and Powe took an unexpected turn of events. The police had originally planned for a pre-arranged exchange of drugs and money to take place in the parking lot, where the arrest would be made. As the officers watched, however, Powe and the informant walked to the informant's car and, without giving the informant any drugs, Powe and the informant returned to the motel room with the money. Fearful for the informant's safety and for the recovery of the State's money, the officers converged upon the motel room and entered the next time the door opened. This entry was justified due to exigent circumstances as well for the purpose of arresting Powe, a co-occupant of the motel room. The officers then searched the room and defendant's car with his consent, which the trial court determined was freely and voluntarily given. We find, therefore, that both the initial entry into the motel room and the resulting search were valid and the trial judge was correct in not suppressing the evidence obtained.
AFFIRMED, in part, but REVERSED and REMANDED for a new trial consistent with this opinion.
SHAW, J. and VICTOR M. CAWTHON, Associate Judge, concur.