GLICKSTEIN, Judge.
After one state continuance, four defense continuances and a notice of defendant/respondent William Condon, Jr.’s hospitalization, his trial on an information filed September 20, 1980, charging criminal mischief was set for December 29, 1981. On that date the state issued a nolle prosequi because the alleged victim was unavailable to testify. Condon’s motion to dismiss was denied. The information was refiled January 22, 1982 and Condon was arraigned a month later. On April 19, 1982 the county court heard and granted Condon's motion to discharge. It appears from the transcript the county court held the state’s delay in refiling the information violated Condon’s constitutional speedy trial right. The state’s unsuccessful appeal to the circuit court was followed by this petition for writ of certiorari, which we find to be meritorious.
As this court has stated before, when a defendant has by obtaining a continuance waived his speedy trial rights under Rule 3.191, Florida Rules of Criminal Procedure, and the information is nolle prossed, the waiver carries over and is effective under the refiled information. State v. Trimel, 387 So.2d 528 (Fla. 4th DCA 1980); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976); Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975). Accord Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980). The speedy trial rule is subsequently brought back into play only by denial of defendant’s motion for discharge or by defendant’s demand for speedy trial. State v. Kerper, 393 So.2d 77, 78 (Fla. 5th DCA 1981) (citing Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980)). In the instant case, neither of these had occurred. Nor can the state have violated rule 3.191(h) by nolle pross-ing, when the speedy trial rule was already waived.
Unlike the speedy trial rule, the constitutional speedy trial right knows no predetermined time periods. The operative question is merely whether the defendant is brought to trial within a reasonable time, and the criteria to be considered are “the length of delay, reason for the delay, defendant’s assertion of his right, and prejudice to the defendant.” State v. Trimel, 387 So.2d 528, 528-529 (Fla. 4th DCA 1980) (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).
In the instant case defendant/respondent had not asserted his demand for speedy trial, and the ink on his motion for discharge was still wet. The extended delays prior to the nolle prosequi were mostly attributable to the defendant; the delays thereafter were not unreasonable, and there was no showing of prejudice to defendant’s case. In sum, Condon was not denied his constitutional right to a speedy trial.
The county court’s discharge of defendant finds support in no applicable theory of law and thus represents a departure from the essential requirements of law. Certio-rari is granted, the orders of the circuit court and the county court are quashed, and the cause is remanded to the county court for further proceedings.
BERANEK and HERSEY, JJ., concur.