# STATE OF FLORIDA v. ULM

## Case No. 37443-MM

County Court, Volusia County

December 12, 1984

### APPEARANCES OF COUNSEL

**Rob Bobek**, Assistant State Attorney, for plaintiff.

**Theodore F. Zentner** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

### *ORDER*

This cause came on to be heard on the defendant's Motion for Discharge under the Speedy Trial Rule.

The defendant was arrested on June 15, 1984 for D.W.I., D.U. B.A.L. and Driving While License Suspended.

On July 18, 1984 the defendant moved for a continuance with a waiver of speedy trial, and the case was reset for trial for September 17, 1984. On September 5, 1984 the defendant, in open court, announced ready for trial.

On September 17, 1984 the State moved for a continuance of the trial by reason of the unavailability of a witness and the case was reset for October 15, 1984.

On October 15, 1984 the State announced in open court a nolle prosse for the reason of the unavailability of a witness which was followed up by a written nolle prosse filed with the Court on October 29, 1984.

On October 30, 1984, the State filed an information charging the defendant with D.W.I., and driving while license was suspended based upon the same incident which occurred on June 15, 1984.

On November 6, 1984 the defendant entered her Not Guilty plea to the charge filed in the information and the trial was set for December 17, 1984.

The defendant contends that her constitutional right to a speedy trial was violated because 152 days elapsed between the first order of continuance at the defendant's request and that a total of 91 days have elapsed between the date of the first trial scheduled following the Court's first order of continuance and the scheduled trial set for December 17, 1984.

The Court finds that the defendant's right to a speedy trial was not denied under the Speedy Trial Rule 3.191. By moving for and obtaining a continuance on July 18, 1984 the defendant took the case out of the operation of the speedy trial rule and the time limitations of the rule are re-activated only by the denial of the defendant's Motion for Discharge or by a subsequent demand for a jury trial (See *State v. Kerper*, 393 So.2d 77, (5th DCA 1981).

Again, when the defendant was granted a continuation on July 18, 1984, the provisions of Rule 3.191(H)(2) relating to nolle prosse became inapplicable to her prosecution and remained inapplicable to the subsequent prosecution based on the same criminal episode (See *State v. Kerper*, supra) (See also *State v. Condon*, 444 So.2d 73 (4th DCA 1984))

The defendant's announcement in open court on September 5, 1984 that she was ready for trial was not tantamount to a demand for speedy trial. An oral demand for a speedy trial, even one made in open court, does not satisfy the requirement of the Speedy Trial Rule

58

regarding a *written* demand. (See *State v. Parkoem*, 446 So.2d (3rd DCA 1984))

The only question then to be determined is whether the defendant was denied her constitutional right to a speedy trial under the Sixth Amendment of the United States Constitution and Section 16 of the Florida Constitution.

In *Barker v. Wingo* (407 U.S. 54 33 L.ED(2) 101, 925 CT 2182), the Supreme Court of the United States set forth four factors which would determine whether a particular defendant was deprived of the right to a speedy trial. They are:

1. Length of delay.

2. The reason for the delay.

3. The defendant's assertion of her right, and

4. Prejudice to the defendant.

Unless the length of the delay is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance (See *Barker v. Wingo*, supra)

The Court finds that the delay of 91 days between the date of the first trial scheduled following the court's first order of continuance nor the 152 days from the first order of continuance was not presumptively prejudicial. (See *State v. Bonamy*, 409 So.2d 158 (5th DCA 1982))

The reason for the delay in this case was the unavailability of a material witness. In *Barker v. Wingo*, supra, the Court held that this was a valid reason to justify an appropriate delay.

In the case at bar the defendant failed to show that she was prejudiced by the delay. She was not incarcerated during the delay. She never filed a demand for speedy trial and the delay was due to a valid reason, to-wit: a missing witness. Therefore, the defendant failed to satisfy the factor of prejudice. (See *State v. Bonamy*, supra)

Therefore, it is

ORDERED AND ADJUDGED that the defendant's Motion for Discharge be, and the same is hereby denied.