## STATE OF FLORIDA v BURCH

### Case No. 87-7-AP (County Court Case No. 87-30823-MM)

Fourth Judicial Circuit, Duval County

April 21, 1989

### APPEARANCES OF COUNSEL

**Mark J. Borello,** Assistant State Attorney, for appellant.
**John H. P. Helms,** for appellee.

### OPINION OF THE COURT

A. C. SOUD, JR., Circuit Judge.

### FACTS

Defendant/Appellee was arrested on July 30 or 31, 1986, was charged by information with the crime of DUI and executed a waiver of speedy trial. The State elected not to prosecute the case on two occasions, after jury selection but before the swearing in, due to the unavailability of the same State's witness, and moved for continuances.

Subsequently, in June, 1987, the State chose to nol pros the case rather than proceed to trial after the trial court denied the State's second request for continuance. On July 17, 1987, the State filed a new information on the same offense and criminal episode. Defendant moved for discharge and the motion was denied on November 2, 1987.

On January 19, 1988, a jury was selected but not sworn in; trial was set for January 22, 1988. On January 22 the Court was informed that the State was ready for trial. Defendant was allowed by the Court to renew and re-argue the Motion for Discharge of the previous November. Defendant informed the trial court, for the first time, that a key witness was unavailable to testify. Defendant did not move for continuance.

The trial court granted Defendant's amended oral Motion for Discharge and entered a written order on January 27, 1988. The court made specific findings that the numerous delays in the case had directly resulted from the prosecution's failure to proceed with the case, not from any delay caused by Defendant, and that the Defendant's constitutional rights to be tried within a reasonable time had been violated. The State appealed.

## ISSUES

1) Whether Defendant's constitutional rights to speedy trial were violated;

    a) Whether defense attorney's bare assertion of witness unavailability was a sufficient showing of unavailability;

    b) Whether prejudice to Defendant reached a level of unconstitutionality;

2) Whether the trial court's decision is supported by substantial competent evidence.

## DISCUSSION

### A. Constitutional Rights to Speedy Trial

Defendant, early on, waived the right to precedural speedy trial as guaranteed by *Fla.R.Crim.P.* 3.191. Accordingly, the constitutional standard of "reasonableness" applies. *State ex rel. Butler v Cullen,* 253 So.2d 861 (Fla. 1971). The United States Supreme Court espoused a four-part analysis for determining whether a speedy trial violation has occurred because of delay; 1) length of delay; 2) reason for delay; 3) whether Defendant timely asserted his rights; and 4) existence of actual prejudice as a result of delay. *See, Barker v Wingo,* 407 U.S. 524, 92 S.Ct. 2182 (1972); *State v Trimel,* 387 So.2d 528 (Fla. 4th DCA 1980).

**37**

No particular factor is dispositive in a given case, and each factor should be balanced against the others. No single factor is either necessary or sufficient as a prerequisite to finding a denial of rights. *See Howell v State,* 418 So.2d 1164, 1171 (Fla. 2d DCA 1982).

### 1. *Length of Delay*

Defendant was entitled to be brought to trial only within a reasonable time. *State ex rel. Butler v Cullen,* 253 So.2d 861 (Fla. 1971). When a defendant is granted a continuance, *Fla.R.Crim.P.* 3.191(a)(2) gives him the right to make a demand to be brought to trial within 60 days, even if the defendant has otherwise waived speedy trial rights. *See Butterworth v Fluellen,* 389 So.2d 968, 970 (Fla. 1980). Where, as in the instant cause, a defendant fails to make a demand, that failure may be considered by trial court when determining whether an unreasonable delay occurred. *Butterworth.*

After Defendant waived speedy trial, and the information was nol prossed by the State, the waiver carried over and remained in effect as to the new information. See *Condon,* 444 So.2d at 74; *Trimel,* 387 So.2d at 528. The speedy trial rule was revived subsequently, however, when the trial court denied Defendant's Motion for Discharge on November 2, 1987. *See Condon; State v Kerper,* 393 So.2d 77, 78 (Fla. 5th DCA 1981). Denial of the motion triggered the 90-day time period within which a defendant must be brought to trial pursuant to *Fla.R.Crim.P.* 3.191(d)(3). See *Butterworth,* 389 So.2d at 970.

The relevant time period in the pretrial proceedings, for speedy trial purposes, was the period from denial of the Motion for Discharge (November 2, 1987) to the time when trial was scheduled to commence (January 22, 1988), a period of approximately 80 days, and within the permissible limits of Rule 3.191(d)(3). Accordingly, Defendant cannot base any alleged impermissible delay on the above timetable followed by the trial court.

Although the United States Supreme Court stated in *dicta* in *Barker* that none of the four prongs is a necessary condition or is dispositive by itself to a finding of a violation, see *id.* at 533, 92 S.Ct. at 2193, and *Avalos,* 541 F.2d at 1111 n.19, the High Court viewed length of delay as "a triggering mechanism." Without some delay which is presumptively prejudicial, no need exists for inquiry into the other three factors. *See, Barker,* 407 U.S. at 530, 90 S.Ct. at 2192.

In the absence of competent substantial evidence demonstrating that the length of delay in the proceedings constituted an impermissible violation of Defendant's constitutional right to speedy trial, the appel-

late court should hold that the trial court erred and that the order discharging Defendant should be reversed.

On the other hand, if the length of delay is presumptively prejudicial, *see Howell,* a full *Barker* analysis is needed. *See, e.g., State v Ochran,* 429 So.2d 77 (Fla. 4th DCA 1983) (despite the interval between time of offense and arrest, trial court order dismissing information was reversed in absence of evidence of intentional delay or showing of any actual prejudice resulting from delay). The State has the burden of demonstrating that the defendant has not been prejudiced by the unexcused delays. See *Avalos,* 541 F.2d at 1116.

### 2. *Reason for Delay*

Three categories exist for this second factor: 1) deliberate delay, 2) negligent delay, and 3) justified delay. *Avalos, supra.* Absent any indications that the State's delays were deliberate or justified, "negligent delay" is the only category relevant to the instant matter. The trial court specifically stated on the record that the repeated delays resulted from unexcused prosecutorial mismanagement of the case. The State repeatedly sought continuances grounded on the non-availability of a witness, the intoxilyzer operator. The trial court expressly noted that "[t]he State could have gone forward at the time with their evidence of the other witnesses involved," as the police officer was not a material witness [R-60]. If the delay is perpetrated by the State, even without any devious intent, the State must bear the burden of fault. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *U.S. v Greer,* 655 F.2d 51, 53 (5th Cir. 1981).

The Florida procedural speedy trial rule contains analogous provisions. *See Fla.R.Crim.P.* 3.191(d)(2)(ii), which permits an extension of speedy trial time if timely procedure under motion in exceptional circumstances, including unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial. See Rule 3.191(f)(1). No such relief is granted where a witness is "available." Rule 3.191(f). The decisional law indicates that where the State repeatedly delays proceedings based on the non-availability of an unnecessary witness, "negligent delay" exists. *See Howell,* 418 So.2d at 1171-1172. The State has a duty to bring a defendant to trial within a time period which is not presumptively prejudicial. *Barker,* 407 U.S. at 527, 92 S.Ct. at 2190; *Howell,* 418 So.2d at 1172. The burden of accounting for the delay rests upon the prosecution, *Howell* at 1173, and the trial court determined that the State failed to meet that burden.

### 3. *Timely Assertion of Defendant's Rights*

**39**

As to the third prong of the *Barker* test, the trial court determined that Defendant was available for trial at every point where the State requested delays. Defendant filed a timely Motion for Discharge. There was no showing of any failure to assert Defendant's rights, in a timely manner, so Defendant appears to have satisfied the third *Barker* factor.

When the first three *Barker* factors are *heavily* weighted in favor of the accused, actual prejudice need not be demonstrated. *See Avalos, supra,* at 116; *Howell,* 418 So.2d at 1174. The reasoning is that the United States Constitution will not tolerate inexcusable misconduct by the prosecution which delays proceedings. *Howell.* If that the first three *Barker* factors are *heavily* weighted on the side of the Defendant in the present matter, the existence of actual prejudice need not be shown. *Howell.*

### 4. *Actual Prejudice*

Actual prejudice can be alleged on various grounds, but in each instance the prejudice must materially affect the defense and it must be more than a minimal effect. *Howell,* 418 So.2d at 1174; *State v Wallace,* 401 So.2d 863, 864 (Fla. 1st DCA 1981); see also *Avalos, supra,* at 1116 (results of delay must substantially relate to a material fact in issue). The First District Court of Appeal has stated:

> *Actual* prejudice always includes material impairment of the defendant's capacity to prepare a defense and in some cases may encompass personal prejudice as distinguished from prejudice to the defense.

*Howell,* 418 So.2d at 1167-68 n.1; *U.S. v Palmer,* 502 F.2d 1233, 1235-36 (5th Cir. 1974), *rev'd on other grounds sub nom. Dillingham v U.S.,* 423 U.S. 64, 96 S.Ct. 303 (1975). In January 1988 the instant trial court was asked to reconsider the November 2, 1987, denial of the Motion to Discharge. Defense counsel stated the following, alleging unconstitutional prejudice resulting from the delays:

> [W]e have lost a key essential material witness in the person of Carol Sanders, this lady's [the Defendant's] dinner companion on the evening in question heretofore listed by us as a defense witness and deposed by the State, and that witness was going to testify that Ms. Burch came to her home at approximately 10:00 p.m. in a cold sober position, and that they left her home in Neptune Beach and drove to Shuckers in Jax [sic] Beach, had their dinner and their wine and proceeded to leave, and then were apprehended. That lady's testimony would corroborate completely Ms. Burch's testimony as to what transpired on the evening in question, how much was drunk and so forth. Now, we have spent the past three days trying to locate

40

this person. She's no longer a social companion of Ms. Burch, and we really don't know whether she's in Atlanta or Jacksonville, but we cannot locate her.

[R 57-58]. The issue arises as to whether the defense's bare assertion of witness availability was a sufficient showing, and if so, whether the witness' non-availability constituted actual prejudice against Defendant.

### a. Sufficiency of Showing of Unavailability

When the defense requested the trial court to reconsider the Motion for Discharge, defense counsel stated for the first time that its witness, Carol Sanders, was unavailable to testify because here whereabouts were unknown. Under certain enumerated circumstances, prior testimony—e.g., in a deposition—can be admissible in court provided that the prior witness is unavailable. Fla. Stat. § 90.804(2) (1987) (Florida Evidence Code). "Unavailability as a witness" includes absence from the hearing, where the proponent of the state (here, the defense) has been unable to procure the witness or his testimony "by process or other reasonable means." Fla. Stat. § 90.804(1)(e); *Fla.R.Crim.P.* 3.190(j)(6) (deposition not to be used when witness can be procured). *Compare Fed.R.Evid.* 804(a)(5). The trial record contains only the bare assertion by defense counsel that the absent witness was "lost" [R-57]. There is no evidence of an attempt to serve process on Carol Sanders. The defense merely claimed that it had spent three days trying to locate the witness, and nothing more. *Fla.R.Crim.P.* 3.220(d) permits the taking of depositions for purpose of discovery, but the deposition must have been taken in compliance with *Fla.R.Crim.P.* 3.190(j) if it is to be used as substantive evidence. *See Terrell v State,* 407 So.2d 1039, 1040-41 (Fla. 1st DCA 1981). The defendant in *Terrell* objected to the State's use of a discovery deposition which was read into evidence when the trial court determined the witness was unavailable. The defendant was not present when the deposition was taken, and the deponent was a key State's witness who presented testimony very prejudicial to the defense. The First District Court held that the deposition was inadmissible as evidence because it failed to comply with the applicable procedural rules. *See id.* The instant case is distinguishable from *Terrell* because Carol Sanders was a defense witness whose deposition allegedly would provide support for Defendant's case. In that situation, Sanders' deposition should have been admissible into evidence if she was "unavailable."

As proponent of the former (deposed) testimony, the defense must establish what steps it took to secure the appearance of the witness. *See, Gov't of the Canal Zone v P. (Pinto),* 590 F.2d 1344 (5th Cir.

**41**

1979); *M.S.D., Inc v United States,* 434 F.Supp. 85, 91 n.16 (N.D. Ohio 1977); *McClain v State,* 411 So.2d 316 317 (Fla. 3d DCA 1982). In the absence of any evidence that process was attempted upon Carol Sanders, and given the defense's failure to establish what steps it took to secure the witness, *see* Fla. Stat. 490.804(1)(e), Carol Sanders was not an "unavailable witness" such that her deposition would be admissible. Where the defense failed to establish that Carol Sanders was unavailable, Defendant will not be heard to allege prejudice based on witness unavailability.

### b. Materiality of Effect on Defense

*Arguendo,* even if Carol Sanders' testimony would be beneficial and would materially affect Defendant's case, that issue is moot because Defendant failed to establish Sanders' unavailability.

### c. Whether Prejudice Reach Level of Unconstitutionality

Having failed to establish witness availability, the defense is left with the argument that the delays in bringing Defendant to trial materially affected the defense and resulted in actual prejudice, or else that the first three *Barker* factors heavily weighed in favor of the accused's arguments so that no demonstration of actual prejudice is required. *See Howell, Barker; Avalos.*

The trial court determined that the delays in bringing Defendant to trial were excessive and unnecessary and were the result of prosecutorial mismanagement and failure to proceed with the case; the trial court also determined that Defendant had taken the necessary steps to assert her rights, culminating in the Motions for Discharge [R 60-61 and Order of Discharge]. Having found that the delays in trial violated Defendant's constitutional rights to speedy trial notwithstanding Defendant's waiver of procedural rights under *Fla.R.Crim.P.* 3.191, the trial court granted the Motion to Discharge. Although neither the trial record nor the Order of Discharge specifically cites *Barker v Wingo* and the four factors to be weighed and balanced to determine if constitutional speedy trial rights were violated, the trial court's specific remarks as to the length of delay, reason for delay, and timely assertion of Defendant's rights indicate an understanding and consideration of the relevant factors prior to deciding the motion.

This Court, therefore, finds that the trial court erred in its determination that the unavailability of Defendant's witness constituted a violation of the right to speedy trial. Having failed to trigger the first factor, length of delay, Defendant could not rely on a full *Barker* analysis to show an unconstitutional violation because of delay. *See*

42

*Barker.* Absent any other showing of actual prejudice as to a material aspect of the defense's case, Defendant was not entitled to a discharge. Accordingly, the order discharging Defendant should be reversed.

### B. Scope of Appellate Review

The judgment of a lower tribunal is presumed to be correct until reversible error has been demonstrated by the party seeking review. *Applegate v Barnett Bank of Tallahassee,* 377 So.2d 1150 (Fla. 1979). On the issue of whether Defendant's constitutional right to speedy trial was violated, mere disagreement with the reasoning or opinion of the lower tribunal from an appellate perspective is not sufficient to justify reversal of a discretionary (rather than purely legal) decision. *See Castlewood Int'l Corp v LaFleur,* 322 So.2d 520 (Fla. 1975); Padovano, *Florida Appellate Practice* § 5.5 (1988). The appellate court must confine its inquiry to the question of whether abuse of discretion occurred. *Id.;* see also *Mercer v Raine,* 443 So.2d 944 (Fla. 1983) (reasonableness test used to determine whether abuse of discretion occurred). In the instant case the appellate court makes such a finding.

REVERSED AND REMANDED for trial this 30th day of April, 1989.