DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LATRAIL ONRILLIOUS JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-963

[November 25, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562011CF 003046A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Latrial Onrillious Jones ("appellant") appeals his convictions for burglary of a dwelling, criminal mischief, and petit theft. He argues that the trial court abused its discretion by refusing to admit the deposition testimony of a deceased witness as substantive evidence in light of her unanticipated death prior to trial. Appellant never moved to perpetuate this testimony pursuant to Florida Rule of Criminal Procedure 3.190(i) ("rule 3.190(i)"), but argues the deposition could have been properly admitted under section 90.804, Florida Statutes, because the witness was unavailable. For the reasons set forth below, we find that the trial court did not abuse its discretion by refusing to admit the deposition testimony into evidence, and affirm.

A party is permitted to admit:

> Testimony given as a witness at another hearing of the same or a different proceeding, *or in a deposition taken in compliance with law* in the course of the same or another

proceeding, *if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.*

§ 90.804(2)(a), Fla. Stat. (2012) (emphasis added).

Compliance with the law, as required by this statute, also means compliance with the Florida Rules of Criminal Procedure. *See Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992). As such, when a discovery deposition is taken pursuant to Florida Rule of Criminal Procedure 3.220 ("rule 3.220"), the proper method for perpetuating that deposition testimony is found in rule 3.190(i). The rule states, in pertinent part:

> **(i) Motion to Take Deposition to Perpetuate Testimony.**
> (1) After the filing of an indictment or information on which a defendant is to be tried, the defendant or the state may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness's testimony is material, and that it is necessary to take the deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any nonprivileged designated books, papers, documents, or tangible objects be produced at the same time and place. If the application is made within 10 days before the trial date, the court may deny the application.

Fla. R. Crim. P. 3.190(i)(1).

The case law is clear that even when a potential witness dies after providing deposition testimony, the deposition will not be admissible as substantive evidence in a criminal trial unless the party attempting to enter it has moved to perpetuate the testimony pursuant to rule 3.190(i). In *State v. James*, 402 So. 2d 1169, 1171 (Fla. 1981), the Florida Supreme Court held that "discovery depositions [taken pursuant to rule 3.220 and not perpetuated pursuant to rule 3.190(i)] may not be used as substantive evidence in a criminal trial." In *Rodriguez,* the court considered the interaction between chapter 90 of the Florida evidence code and rule 3.190 in answering the question of whether it was error to refuse to admit the testimony of an unavailable witness as substantive

evidence pursuant to the hearsay exception in section 90.804(2)(a). 609 So. 2d at 497-99. The court stated:

> We are presented with the question of whether a deposition is admissible as substantive evidence, under section 90.804(2)(a) of the evidence code, when, at the time of its taking, opposing counsel is not alerted by compliance with Rule of Criminal Procedure 3.190(j)[1] that the deposition may be used at trial. We hold that it is not. *Accord* [*James*]*; Campos v. State*, 489 So. 2d 1238 (Fla. 3d DCA 1986) (discovery deposition that qualifies as a hearsay exception under section 90.804(2)(a) is not admissible as substantive evidence unless it qualifies for such admission under the criminal rules of procedure); *Jackson v. State*, 453 So. 2d 456 (Fla. 4th DCA 1984) (same); *Terrell v. State*, 407 So. 2d 1039 (Fla. 1st DCA 1981) (same).
>
> It is generally accepted that when an exception to the rule excluding depositions as hearsay is not found in the Rules of Civil Procedure, the evidence code may provide such an exception in a civil proceeding. *See, e.g., Dinter v. Brewer,* 420 So. 2d 932, 934 (Fla. 3d DCA 1982); *Johns–Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 259 (Fla. 1st DCA 1984), *review denied,* 467 So. 2d 999 (Fla.1985). However, a similar result is not warranted in a criminal case. This is so because greater latitude for the use of depositions in civil cases exists by virtue of Rule of Civil Procedure 1.330 which is much broader than the Rules of Criminal Procedure that provide for the use of deposition testimony.
>
> Rule of Criminal Procedure 3.220(h), as adopted by this Court, allows discovery depositions to be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness but makes no provision for their use as substantive evidence. If it had been our intent to allow such use, the rule would so state. Rather, Rule of Criminal Procedure 3.190(j) was enacted to assure that both parties have an opportunity and motive to fully develop deposition testimony before it can be used as substantive evidence in a criminal case.

[1] Rule 3.190(i) was previously codified as rule 3.190(j), but the court modified the lettering in 2009. *See In re Amendments to the Fla. Rules of Criminal Procedure*, 26 So. 3d 534, 539-40 (Fla. 2009).

> *The holding in* [James] *that discovery depositions are not admissible as substantive evidence absent compliance with Rule 3.190(j) was in no way modified by the adoption of section 90.804(2)(a). In fact, the necessity of meeting the procedural requirements for perpetuating testimony before a deposition is admissible as substantive evidence is recognized in section 90.804(2)(a) by the express requirement that the deposition must be "taken in compliance with law." Accord Terrell v. State, 407 So. 2d at 1041. Accordingly, the deposition testimony was properly excluded in this case.*

*Id.* at 498-99 (emphasis added) (footnotes omitted).

The court explained the difference between a discovery deposition and a deposition intended for use at trial in *State v. Lopez*, 974 So. 2d 340 (Fla. 2008). There, the court held:

> Additionally, the purpose of a discovery deposition is at odds with the concept of a meaningful cross-examination. Often discovery depositions are taken for the purpose of uncovering other evidence or revealing other witnesses. As this Court has explained, the fundamental distinctions between depositions taken pursuant to Florida Rule of Criminal Procedure 3.190(j) (Motion to Take Deposition to Perpetuate Testimony) and those taken under rule 3.220 are:

>> Depositions taken pursuant to rule 3.190 are specifically taken for the purpose of introducing those depositions at trial as substantive evidence. Depositions taken pursuant to rule 3.220, on the other hand, are for discovery purposes only and, for a number of reasons, assist in shortening the length of trials. How a lawyer prepares for and asks questions of a deposition witness whose testimony may be admissible at trial as substantive evidence under rule 3.190 is entirely different from how a lawyer prepares for and asks questions of a witness being deposed for discovery purposes under rule 3.220. In effect, the knowledge that a deposition witness's testimony can be used substantively at trial may have a chilling effect on a lawyer's questioning of such a witness.

4

*State v. Green*, 667 So. 2d 756, 759 (Fla. 1995). A defendant cannot be "expected to conduct an adequate cross-examination as to matters of which he first gained knowledge at the taking of the deposition." *State v. Basiliere*, 353 So. 2d 820, 824–25 (Fla. 1977). This is especially true if the defendant is "unaware that this deposition would be the only opportunity he would have to examine and challenge the accuracy of the deponent's statements." *Id.* at 824.

Finally, a deposition that is taken pursuant to rule 3.220 is only admissible for purposes of impeachment and not as substantive evidence. *See* [*Rodriguez*, 609 So. 2d at 498-99] (ruling that only depositions taken pursuant to rule 3.190(j) may be used as substantive evidence because rule 3.220 makes no provision for the use of discovery depositions as substantive evidence); [*James*, 402 So. 2d at 1171] ("[D]iscovery depositions may not be used as substantive evidence in a criminal trial."); *Basiliere*, 353 So. 2d at 823 (holding that deceased victim's discovery deposition was not admissible as evidence in defendant's trial because defendant was not present during the examination). *Cf. State v. Green*, 667 So. 2d at 759 (ruling that an inconsistent discovery deposition given by a victim who recanted at trial was not admissible as substantive evidence under section 90.801(2)(a), Florida Statutes (1989), which provided that an inconsistent statement given under oath in a deposition was not hearsay).

Thus, the exercise of the right to take a discovery deposition under rule 3.220 does not serve as the functional substitute of in-court confrontation of the witness because the defendant is usually prohibited from being present, the motivation for the deposition does not result in the "equivalent of significant cross-examination," and the resulting deposition cannot be admitted as substantive evidence at trial.

*Id.* at 349-50.

Appellant cites to *Chambers v. Mississippi*, 410 U.S. 284 (1973), and argues that his due process rights were violated when the trial court refused to allow the deposition to be read at trial. However, this court has previously discussed the admissibility of un-perpetuated, exculpatory deposition testimony in light of the holding in *Chambers* and

other Florida cases, including the *James*, *Rodriguez*, and *Lopez* decisions, and declared that due process and procedural fairness applies not just to the criminal defendant but to the State as well.

In *Leighty v. State*, 981 So. 2d 484, 487-94 (Fla. 4th DCA 2008), a case involving the unexpected unavailability of a defense witness, we explained why permitting the defendant to read that witness' discovery deposition at trial deprived the State of a fair trial. There, we stated:

> In this case, *neither side anticipated that Nieves would not be available to testify, and in fact, both sides expected she would be available since she was Leighty's girlfriend.* To the extent the state could anticipate that Nieves would attempt to help Leighty with her testimony, there is an obvious issue of credibility because of her romantic involvement with Leighty. *But in the context of a discovery deposition, there could easily be other information for attacking the credibility of Nieves about which the state did not want to educate Leighty. Without notice that the defense was intending to use Nieves' deposition testimony as substantive evidence, the state did not have an opportunity and motive to fully develop her deposition testimony by rigorous cross-examination. Thus, the state was also deprived of the opportunity to test the reliability of her exculpatory testimony.*
>
> *Chambers* stands for the proposition that constitutional rights and protections trump state court rules of evidence which exclude evidence only when the reliability of that evidence can be tested. Under the facts of this case, the state did not have a fair opportunity to test the reliability of Johnson's assertion that Leighty had nothing to do with the robbery and murders, *and the state did not have a fair opportunity to test the reliability of Nieves' testimony that Johnson said those things.* Thus, the trial court properly excluded the use of Nieves' deposition transcript as substantive exculpatory evidence in this case even after considering the principles announced in *Chambers.*

*Id.* at 494 (emphasis added).

The issue here is the disadvantage suffered by the party *against* whom the un-perpetuated deposition testimony is entered as substantive evidence. As the court made clear in *Lopez,* a deposition taken for discovery purposes is different from deposition intended for use at trial.

6

974 So. 2d at 349-50. Thus, when any party, the State or a defendant, does not have prior notice of the opposing party's intent to use deposition testimony as substantive evidence due to a witness's unavailability, it is deprived of the opportunities described in *Leighty* to fully develop the testimony by rigorous cross-examination and to test the reliability of that testimony. 981 So. 2d at 494.

In this case, the trial judge appropriately adhered to the law as set forth in the decisions discussed herein, and did not abuse his discretion by excluding the deceased witness' deposition testimony.

*Affirmed.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***