[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13096
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00309-WFJ-PRL


DARWIN J. FIFIELD, SR.,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 10, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darwin Fifield, Sr., a Florida prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Fifield is serving a 35-year sentence for two counts of lewd and lascivious molestation of a minor under twelve.[1] The district court found Fifield's habeas claims to be unexhausted and procedurally defaulted—which generally bars any review on the merits—and denied the petition.

We granted a certificate of appealability (COA) on one issue: Whether the district court erred by failing to conduct a *Martinez* analysis of Fifield's claims that his trial counsel was ineffective. *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* provides a narrow exception to the procedural default bar for certain ineffective assistance of trial counsel (IATC) claims. *Id.* at 13–14. Fifield argues that his claims fall into the *Martinez* exception, so the district court erred by dismissing his claims without conducting a *Martinez* analysis.

Fifield claims that his trial counsel was ineffective for a number of reasons: 1) failing to move to suppress the items recovered from his private property and vehicles (claims 4–8); 2) failing to move to suppress the recorded interrogation (claims 10, 12); 3) refusing to allow him to attend his arraignment (claim 13); 4) generally failing to participate in his criminal

---

[1] Fifield's grandniece accused him of taking inappropriate photographs of her and touching her inappropriately.

trial, speak with him, or investigate his claims (claims 15–16); 5) failing to

investigate the theft of his credit cards (claim 22); 6) failing to obtain a

witness's testimony before she died (claim 24); and 7) failing to move to

dismiss the charges against him (claim 25).[2]

## I.

Whether a petitioner has procedurally defaulted a claim is a mixed

question of law and fact that we review de novo. *Judd v. Haley*, 250 F.3d

1308, 1313 (11th Cir. 2001).

Before bringing a § 2254 action in federal court, a petitioner must exhaust

all available state court remedies. 28 U.S.C. § 2254(b), (c). "[T]o exhaust state

remedies, a petitioner must fairly present every issue raised in his federal petition

to the state's highest court, either on direct appeal or on collateral review." *Ward v.*

*Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). Under the procedural-default doctrine,

a state court's rejection of a federal constitutional claim based on adequate and

independent state procedural grounds generally precludes subsequent federal

habeas review of the claim. *Id.*

A petitioner who does not exhaust his claim in state court is procedurally

barred from pursuing that claim on federal habeas review "unless he shows either

cause for and actual prejudice from the default or a fundamental miscarriage of

---

[2] Claim numbers correlate to those listed in the COA.

justice from applying the default." *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353 (11th Cir. 2012). A petitioner establishes "cause" by showing that an objective factor external to the defense impeded an effort to properly raise the claim in state court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). A petitioner establishes "prejudice" by showing that there is at least a reasonable probability that the proceeding's result would have been different. *Id.*

Generally, lack of an attorney or attorney error in the initial state collateral proceeding does not establish cause to excuse a procedural default. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014). However, *Martinez* provides a narrow exception: a procedural default will not bar a federal habeas court from hearing a substantial IATC claim if the claim cannot be heard on direct appeal and, in the state's initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 13–14.

In Florida, a Rule 3.850 motion is the first proceeding in which a petitioner can bring an IATC claim. *See Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001) (per curiam) (stating that a claim for IATC can generally be raised in a Rule 3.850 motion but not on direct appeal). These claims are typically not cognizable on direct review, so lack of counsel in bringing a Rule 3.850 motion can qualify under the *Martinez* exception. *See Trevino v. Thaler*, 569 U.S. 413, 428–29 (2013)

4

(extending *Martinez* to when the initial state collateral proceeding is, as a practical matter, the first opportunity to raise an IATC claim).

To overcome the procedural default, a petitioner must also show that his IATC claim is substantial, meaning that it must have "some merit." *Martinez*, 566 U.S. at 13–14 (comparing the substantiality requirement to the standard required for a COA). Proof of "cause and prejudice does not entitle the prisoner to habeas relief," instead, "[i]t merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Id.* at 17.

An IATC claim can be insubstantial if it is "wholly without factual support" or if the attorney did not fall below constitutional standards. *Id.* at 16. A substantial showing exists where a petitioner has shown that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269–70 (11th Cir. 2014); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that a petitioner must "show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (alteration accepted) (internal quotation mark omitted)). We make this determination after considering "the fact-pleading

requirement for § 2254 petitions, and the standard from *Strickland*."[3] *Hittson*, 759 F.3d at 1270.

## II.

Here, we must apply *Martinez* to see whether Fifield can show cause for his procedural default. Fifield's amended Rule 3.850 motion was denied because it failed to meet state procedural rules, and Fifield did not have the opportunity to present his IATC claims on direct appeal. *See Bruno*, 807 So. 2d at 63. He proceeded pro se in his postconviction proceedings. Thus, Fifield meets the first part of the *Martinez* exception. However, he still must show that the IATC claim was "substantial."

A claim of IATC is a mixed question of law and fact, which we review de novo. *Jones v. Campbell*, 436 F.3d 1285, 1292 (11th Cir. 2006). Where a petitioner proceeded pro se at trial, he cannot later assert IATC claims. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Nevertheless, a petitioner who was represented by counsel during pretrial preparations may still assert IATC claims regarding trial preparation, where counsel's errors prevented the petitioner from receiving a fair trial. *See United States v. Roggio*, 863 F.2d 41, 43 (11th Cir. 1989). Here, Fifield had four different court appointed attorneys before ultimately proceeding pro se at trial and for the four months leading up to trial.

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

To make a successful IATC claim, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both prongs if a petitioner makes an insufficient showing on one prong. *Id.* at 697.

The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. To show deficient performance, a defendant must demonstrate that no competent counsel would have taken the action that his counsel took. *United States v. Freixas*, 332 F.3d 1314, 1319–20 (11th Cir. 2003). There is a strong presumption that counsel's conduct fell within the range of reasonable performance. *Strickland*, 466 U.S. at 689. If the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). Counsel is not incompetent so long as their approach could be considered sound strategy. *Id.* at 1314.

Furthermore, a petitioner has an affirmative burden to prove prejudice. *Strickland*, 466 U.S. at 693. To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is

insufficient for a defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693. We consider the totality of the evidence before the jury in making the prejudice determination. *Id.* at 695.

III.

We discuss the substantiality of each claim in turn.

### A. Claims Four Through Eight

To establish prejudice for failure to raise a Fourth Amendment claim, a defendant must show that the underlying Fourth Amendment issue has merit and there is a reasonable probability that the verdict would have been different had the evidence been excluded. *Green v. Nelson*, 595 F.3d 1245, 1251 (11th Cir. 2010).

Fifield claims that his pretrial court appointed attorneys were ineffective for failing to suppress evidence related to an allegedly illegal search and seizure. He alleged that an officer entered his property without legal authority, refused to leave, assaulted him, and broke into four vehicles. From the search, the officer discovered a camera, SD card, and a clothed, printed photograph of the victim. No nude photos were found, but Fifield argues that the evidence showed that Fifield had a camera and SD card, as the victim had claimed, thereby lending credence to the victim's story. He argues that there is a reasonable probability that the outcome of his trial would have been different without this evidence.

But Fifield has pointed to no evidence, in the record or otherwise, to support his Fourth Amendment claim. *See Green*, 595 F.3d at 1251. An officer testified at trial that he secured a search warrant before searching Fifield's property. The officer also testified that he recovered the camera, SD card, and printed photograph from Fifield's work vehicle only after obtaining permission from the owner of the vehicle. Fifield does not provide support for his allegations that the officer did not have a warrant, nor does he address the officer claims that he recovered the evidence from his work truck—with permission from the truck's owner. Without more, the underlying claim does not appear to have any merit. As a result, Fifield has failed to establish by a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. These claims are not substantial, so Fifield's procedural default is not excused under *Martinez*.

B. Claims Ten and Twelve

Fifield next argues that his counsel was ineffective for failing to move to suppress his recorded interrogation. Fifield was questioned by the police after waiving his *Miranda* rights, and a video of the interrogation was shown at trial. He argues that he waived his *Miranda* rights only after he had been tortured by the officers for an hour—so the statement should be suppressed. He also argues that the officers promised him medical care in exchange for

waiving his rights. While Fifield did not admit to abusing the alleged victim during the interrogation, he did admit to writing a letter to the victim's mother and he repeatedly discussed being a sex offender.[4]

An individual may waive their *Miranda* rights, so long as the waiver is knowing, intelligent, and voluntary. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A *Miranda* waiver is not voluntary if it is obtained through intimidation, coercion, or deception. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995).

Fifield's claims lack support and he is unable to show that the failure to move for suppression was prejudicial. First, the record shows that Fifield's *Miranda* rights were explained to him, that he confirmed he understood them, and he signed the *Miranda* waiver without objection. Further, the information from the statement also came in through other avenues: the victim's mother testified about the letter, the victim from Fifield's earlier sex offense testified, and Fifield himself testified about a substantial portion of the contents of the interrogation, including that he was responsible for the letter and that he had a prior sex offense. Because the information came in through other avenues, the recorded interrogation was

---

[4] The victim's mother testified that she had received a letter alleging that her boyfriend had sexually assaulted her daughter. The letter alleged that her boyfriend was going to frame Fifield for the sexual assault because he was a sex offender.

10

not prejudicial. *See Strickland*, 466 U.S. at 694. Fifield's procedural default is not excused under *Martinez*.

## C. Claim Thirteen

Fifield also alleges that his counsel was ineffective for refusing to allow him to attend his arraignment, despite his request to be present. He argues that had he been present, he would have put "many vital facts" on the record to prove his innocence. Even if counsel were ineffective in this regard, Fifield cannot show prejudice because he fails to show how his attendance at the arraignment would have altered the proceeding. *See Strickland*, 466 U.S. at 693; *Martinez*, 566 U.S. at 14, 16. Presumably, Fifield still would have pleaded not guilty. And he essentially concedes in his brief that "it is unclear if [his] presence at the arraignment would have changed the outcome of the case." Therefore, this claim is not substantial and Fifield's procedural default is not excused under *Martinez*.

## D. Claims Fifteen and Sixteen

Fifield next argues that his counsel was ineffective for generally failing to participate in his trial, speak with him, or investigate his claims.

An attorney is under "no absolute duty" to investigate a particular defense or specific facts. *Chandler*, 218 F.3d at 1317. However, an attorney's choice to investigate or not investigate must fall within a reasonable range of competent

11

assistance. *Id.* A petitioner's speculation alone is insufficient to carry the burden to establish what evidence could have been revealed and changed the course of the proceedings, had counsel conducted further investigation. *See Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002).

Here, Fifield argues that his initial trial counsel failed to speak with him, investigate his case, or preserve evidence—including evidence that he was beaten by the officers. And his second counsel plainly said he would not be investigating and that Fifield should enter a plea. As a result of those interactions, Fifield opted to represent himself at trial. In part, these claims are meant to compound claims four through eight, ten, and twelve, which we have found not to be substantial. To the extent this claim is independent, Fifield concedes that it is unclear what evidence would have been discovered and preserved had counsel investigated. However, he contends that had his counsel not been ineffective, he would not have represented himself at trial and this likely would have altered the outcome.

Without allegations about what evidence could have been found with proper investigation, we cannot find that Fifield was prejudiced. Accordingly, Fifield has failed to demonstrate that his IATC claim has some merit, because he has not established, nor even speculated, how the outcome of the proceedings would have been different had counsel investigated. *See Strickland*, 466 U.S. at 693; *Brownlee*, 306 F.3d at 1060. Thus, Fifield's procedural default is not excused under *Martinez*.

E. Claim Twenty-Two

Fifield claims that his counsel was ineffective for failing to investigate the alleged theft of his credit cards by state witnesses. He explains that his defense was, in part, that the victim fabricated her allegations in part to cover up her and her family's fraudulent use of Fifield's credit cards. Specifically, he alleges that his bank records would have proven the fraud and would have been admissible. If introduced, they would have corroborated his allegations and there is a reasonable probability that the outcome at trial would have been different.

However, Fifield's claim is not substantial. The record supports a finding that Fifield's third appointed attorney filed a motion to obtain his credit card records and that those records were produced. So Fifield cannot establish that his counsel's actions were unreasonable. *See Chandler*, 218 F.3d at 1314, 1314 n. 15 (noting that if the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgement). Also, the state's witnesses admitted during trial that they had owed Fifield money and had fraudulently used his credit cards, so no prejudice is shown. Accordingly, Fifield's claim is without merit, so his procedural default is not excused.

F. Claim Twenty-Four

Fifield argues that his counsel was ineffective for failing to obtain a sworn statement from his mother. Fifield asked his counsel to obtain a sworn statement

13

from his mother or otherwise perpetuate her testimony because she was ill and likely to pass away before trial. His mother did pass away before trial and before any testimony or a statement was secured. Had she testified, Fifield argues that she would have provided firsthand knowledge of the other family members' plot to frame Fifield so that they would not have to pay back the money they owed him. Also, his mother would have testified that she observed the victim's mother's boyfriend sexually abusing the victim. He argues that her testimony would have corroborated his account of the events and established a motivation for the state's witnesses to fabricate their testimony, thereby creating a reasonable probability that the outcome of the trial would have been different.

A petitioner cannot establish IATC "simply by pointing to additional evidence that could have been presented." *Hall v. Thomas*, 611 F.3d 1259, 1293 (11th Cir. 2010). Instead, the petitioner must show that what the lawyer did in failing to provide that evidence was not in the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner's speculation that a missing witness would have been "helpful" to his defense is also insufficient; a petitioner likely needs to show that the evidence would have directly contradicted or undermined the testimony of a state witness. *See Johnson v. Alabama*, 256 F.3d 1156, 1186–87 (11th Cir. 2001) (noting that, aside from unsworn statements from the missing witnesses, the petitioner had offered no evidence that any of the

alleged witnesses would have testified favorably). Additionally, a petitioner cannot establish IATC simply by identifying additional evidence that is cumulative. *Jennings v. McDonough*, 490 F.3d 1230, 1246 (11th Cir. 2007).

In Florida, the deposition testimony of a witness who dies prior to trial is inadmissible as substantive evidence unless the testimony has been perpetuated pursuant to Fla. R. Crim. P. 3.190(i). *Jones v. State*, 189 So. 3d 853, 854–55 (Fla. Dis. Ct. App. 2015). Under Rule 3.190(i), after the filing of an indictment, the defendant or the state may apply for an order to perpetuate testimony. Fla. R. Crim. P. 3.190(i)(1)–(2). An application is to be verified or supported by credible affidavits that the prospective witness may be unable to attend trial, that the testimony is material, and that a deposition is necessary to prevent a failure of justice. *Id.* The trial court has the discretion of whether to grant a motion to perpetuate testimony. *Cherry v. State*, 781 So. 2d 1040, 1054 (Fla. 2000).

Even assuming Fifield's attorney was deficient for failing to perpetuate the testimony, Fifield cannot establish prejudice. He failed to present evidence, aside from his own speculation, of what his mother would have said, and speculation is insufficient. *See Johnson*, 256 F.3d at 1187. Furthermore, much of the alleged testimony was otherwise presented at trial. *See Jennings*, 490 F.3d at 1246. Because of the speculative and cumulative nature of Fifield's mother's alleged testimony, *Martinez* cannot excuse his procedural default.

15

G. Claim Twenty-Five

Lastly, Fifield argues that his counsel was ineffective for failing to move to dismiss the charges against him for lack of evidence. Under the Florida Rules of Criminal Procedure, the trial court may entertain a motion to dismiss at any time if it is based on the ground that there are no issues of material fact and the undisputed facts do not establish a prima facie case of guilt. Fla. R. Crim. P. 3.190(c)(4). This motion will be denied if the government files a traverse that denies the material facts alleged in the motion to dismiss. Fla. R. Crim. P. 3.190(d).

Here, Fifield's claim is without merit. He concedes on appeal that there was a dispute of facts and that the victim's statement would have been sufficient to deny any motion to dismiss. As a result, he has not shown that counsel was deficient for failing to file the motion, nor that he was prejudiced by it. *See Strickland*, 466 U.S. at 693–94; *Chandler*, 218 F.3d at 1314. Thus, his claim is insubstantial, and *Martinez* does not excuse his procedural default.

IV.

Though Fifield can satisfy part of the *Martinez* exception, he has not shown that he has a substantial IATC claim. Therefore, he cannot overcome his procedural default and we affirm the district court's denial of his § 2254 petition.

**AFFIRMED.**

16