LILES, Judge.
Petitioner, State of Florida, brings its petition for certiorari seeking a review of the trial judge’s pre-trial order admitting into evidence statements of a witness made before an official court reporter, pursuant to notice by defendant (respondent here) of intention to claim alibi. The witness died prior to trial. The statement was taken by the defendant’s counsel in question and answer form, but without notice to the state; and the state had no opportunity to be represented and cross-examine the alibi witness, Charles Cunningham.
The state contests the admission of the statement into evidence and the respondent contests this court’s jurisdiction to grant certiorari. Respondent maintains that the state has not been irrevocably harmed nor has the trial judge departed from the essential requirements of law.
The trial judge heard oral argument before entering its order. As was pointed out by the state and respondent, no case in point was found; and we have been unable to find one. The trial judge concluded that this is not one of the classic arguments against admitting hearsay written declarations since this statement was taken ' under oath. He was concerned about the state’s inability to cross-examine, but concluded that any prejudice would be minimized since the state would be allowed to bring in impeachment witnesses and that he would require a copy of the document be furnished to the state prior to trial.
We believe this comports with the purpose of a trial and that is to find the truth. See, Dunbar v. State, 214 So.2d 52 (2d D.C.A.Fla.1968). The state is not accorded the same right of confrontation in a criminal prosecution that is allowed the defendant. See, McCormick’s Handbook of the Law and Evidence, Sec. 252 (1972). We do not perceive this, however, to be a question of confrontation but rather one of procedure. The case law in Florida is very clear that a deposition or statement taken where the state has the right to cross-examine is admissible if the witness is unavailable for good cause or has died. Likewise, evidence given in a prior trial is admissible and statements made under oath, as this one, should be admissible under proper protection as has been exercised here by the trial judge.
In the course of the trial the judge will no doubt properly instruct the jury as to the weight they may place upon the statement. The state will have the opportunity to impeach the witness and as the judge said in his order the prejudice would be minimized if not completely removed.
Another reason we believe the statement was properly admitted is the fact that the trial judge has broad power and discretion in the conduct of the trial. See, Hysler v. State, 132 Fla. 209, 181 So. 354 (1938); Shepherd v. State, 108 So.2d 494 (1st D.C. A.Fla.1959). That discretion was not abused here and certainly not to the extent *48 which would give rise to review by certio-rari.
Having decided that there has been no deviation from the essential requirements of law, that the state will suffer no irreparable injury, and that certiorari is an improper remedy here, certiorari is denied.
MANN, C. J., concurs.
BOARDMAN, J., dissents with opinion.