ORFINGER, Judge.
James appeals his conviction for burglary of a dwelling, attempted sexual battery with great force, and robbery. His princi *572 pal attack is to the admission into evidence of a discovery deposition of the victim who died after the deposition was taken, but prior to trial.
Appellant contends that the use of the deposition at trial violates his Sixth Amendment rights of confrontation and cross-examination; that Rule 3.220(d), Florida Rules of Criminal Procedure, precludes the use of the deposition for any purpose other than contradiction or impeachment of the deponent unless the procedure prescribed by Rule 3.190(j), Florida Rules of Criminal Procedure, is complied with; and that the State failed to show a proper predicate for use of the deposition.
The record shows that appellant was not in custody, but was free on bond prior to trial. Appellant’s counsel took the deposition in question. Nevertheless, appellant contends that his rights of confrontation were violated when the deposition was introduced at trial, because he was not present when it was taken, and relies on State v. Basiliere, 353 So.2d 820 (Fla.1977). There is one very significant difference in the factual situation here as compared to Basiliere. Here, defendant was free on bond and was therefore not prevented from attending the deposition. In Basiliere, defendant was incarcerated and was never notified of the deposition or given the opportunity or right to attend. The Rules of Criminal Procedure accentuate this distinction by providing that where the procedure is followed to perpetuate testimony, a defendant in custody shall be produced at the deposition, but a defendant not in custody “may be present at the examination, but his failure to appear after notice shall constitute a waiver of his right to be present.” Rule 3.190(j), Fla.R.Crim.P. In this case, appellant was not in custody, the deposition was taken by his attorney, whose failure to have appellant present may have been trial strategy or a desire not to again expose appellant to the victim [1], but in any event could very well have been a waiver of defendant’s right to be present and to confront the deponent. McArthur v. State, 303 So.2d 359 (Fla. 3d DCA 1974). See also, Chapman v. State, 302 So.2d 136 (Fla. 2d DCA 1974).[2]
Nevertheless, despite the persuasive argument by the State that the right of confrontation is not involved here because defendant was not in custody so that his absence from the examination was voluntary, thus a waiver, the State cannot overcome the procedural hurdle established by the Supreme Court in Basiliere. It must be noted that here, as in Basiliere, the deposition was taken by defendant’s counsel for discovery purposes, and no attempt was made by either party to perpetuate testimony under Rule 3.190(j), Florida Rules of Criminal Procedure. In holding that a discovery deposition of a witness who died before trial was not admissible, the Supreme Court said:
As to the second question certified, we hold that Rule 3.220(d), Florida Criminal Procedure Rules, providing that depositions may be used for the purpose of contracting or impeaching testimony of the deponent as a witness provides the exclusive use of depositions in criminal proceedings unless Rule 3.190(j), Florida Criminal Procedure rules, is met.
353 So.2d at 825.
Again we are convinced that this statement was bottomed on the proposition that the use of an out of court statement in these circumstances violated defendant’s right of confrontation under the Sixth Amendment, and that the result would have been the same even had he been present.
*573 Although this interpretation seems to produce an untoward result, we are without power to alter a rule of law as construed and established by the Supreme Court. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). However, in the light of a recent decision of the U.S. Supreme Court, further discussion is warranted.
Sworn testimony given at prior hearings has been held admissible under certain circumstances. When a re — trial becomes necessary, the prior trial testimony of a witness unavailable for the second trial has been held properly admitted because of the full right of confrontation and cross-examination available to defendant at the first trial. Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895); Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920). The United States Supreme Court has also recognized the admissibility into evidence of a witness’ testimony taken at a preliminary hearing,
Although noting that the preliminary hearing is ordinarily a less searching exploration into the events of a case than a trial, we recognized that “there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable.”
California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).
In Richardson v. State, 247 So.2d 296 (Fla.1971), our Supreme Court held that a state witness could testify to his recollection of a deceased witness’ testimony at a preliminary hearing when the testimony at the preliminary hearing was not reported, finding that there was a full and adequate opportunity to confront and cross-examine the witness. However, in Basiliere, the Supreme Court apparently refused to extend this doctrine to a discovery deposition, taking the position that such deposition does not satisfy the right to confrontation.
Yet, when the defendant sought discovery through means of deposition, it was only to ascertain facts upon which the charge was based. Being unaware that this deposition would be the only opportunity he would have to examine and challenge the accuracy of the deponent’s statements, defendant could not have been expected to conduct an adequate cross-examination as to matters of which he first gained knowledge at the taking of the deposition.
Basiliere, 353 So.2d at 824, 825.
In Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the U.S. Supreme Court was again faced with a confrontation question as it pertained to the admissibility of out of court testimony. Defendant had been charged with possession of stolen credit cards and forgery of a check belonging to Bernard Isaacs. At a preliminary hearing held in Municipal Court, after the prosecution called several witnesses, defendant’s attorney called Isaacs’ daughter, Anita, and questioned her at some length, attempting to elicit from her an admission that she had given the checks and credit cards to the defendant. Anita denied this. Defendant’s attorney did not ask to have Anita declared hostile and did not request permission to place her on cross-examination. The prosecutor did not question Anita.
At the trial, Anita was unavailable to testify, and after defendant testified that Anita had given him the checks and the credit cards, the prosecution offered in evidence the transcript of Anita’s preliminary hearing testimony. Asserting a violation of the confrontation clause, the defense objected to the use of the transcript. The trial court admitted the transcript and defendant was convicted. The Ohio Supreme Court reversed, reasoning that there was little incentive to cross-examine a witness at a preliminary hearing, that the mere opportunity to cross-examine a witness at a preliminary hearing did not afford constitutional confrontation for purposes of trial, and since Anita had not been cross-examined, the use of her testimony violated the accused’s right of confrontation.
The Supreme Court granted certiorari and held the testimony admissible, recalling that:
*574 The Court, however, has recognized that competing interests, if “closely examined,” Chambers v. Mississippi, 410 U.S., [284] at 295, 93 S.Ct., [1038] at 1045, [35 L.Ed.2d 297] may warrant dispensing with confrontation at trial. See Mattox v. United States, 156 U.S., at 243, 15 S.Ct., at 340 (“general rules of law of this kind, however beneficent in their operation and valuable to the accused, must occasionally give way to considerations of public policy and the necessities of the case”). Significantly, every jurisdiction has a strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings. See Snyder v. Massachusetts, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934); California v. Green, 399 U.S., at 171-172, 90 S.Ct., at 1941-1942 (concurring opinion).
Roberts, 100 S.Ct. at 2538.
The court then held that so long as the opportunity to cross-examine is present and counsel is not significantly limited in any way in the scope or nature of his cross-examination, there is substantial compliance with the purposes behind the confrontation requirement.
In sum, we perceive no reason to resolve the reliability issue differently here than-the Court did in Green. [California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)]. “Since there was an adequate opportunity to cross-examine [the witness], and counsel . . . availed himself of that opportunity, the transcript . . . bore sufficient ‘indicia of reliability’ and afforded ‘ “the trier of fact a satisfactory basis for evaluating the truth of the prior statement.” ’ ” Ibid.
100 S.Ct. at 2542, 2543.
There is no discovery practice in federal criminal procedure, but the discovery questioning here is quite similar in effect to the preliminary hearing testimony in Roberts. In the light of Basiliere, we hold the discovery deposition inadmissible here, but since Basiliere appears to be bottomed on the confrontation violation, notwithstanding the reference to the Rules of Criminal Procedure, we deem it appropriate to ask the Supreme Court to review its holding in Basiliere in the light of Roberts. The death or unavailability of a witness is often not foreseeable, so the need to perpetuate testimony cannot always be anticipated. It would seem that the rules of procedure should “give way to considerations of public policy and the necessities of the case” where, as here, defense counsel has an adequate opportunity to cross examine the witness and avails himself of that opportunity. We therefore certify the following question to the Supreme Court of Florida as one of great public importance, the answer to which will have a great effect on the proper administration of justice:
Is a discovery deposition taken under Florida Rules of Criminal Procedure 3.220(d) by defendant’s counsel, with defendant present or with his presence waived, admissible in evidence against defendant at the trial of the criminal charge against him when the witness has died or is otherwise unavailable for trial, in the light of the decision of the United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
REVERSED and REMANDED for a new trial. Question certified.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. She had previously identified him when she was confined to the hospital following the attack.

. Basiliere leaves the impression that the defendant’s absence from the deposition was not the basis for the decision. Rather, it is the fact that in an ordinary discovery deposition not taken to perpetuate testimony, the interrogation is merely to ascertain facts on which the charge is based, and does not provide the essential opportunity or right of full cross-examination which is the cornerstone of the Sixth Amendment right to confrontation. Id., at 824.