402 So.2d 1169 (1981)
STATE of Florida, Petitioner,
v.
Richard Sylvester JAMES, Respondent.
No. 59906.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied September 23, 1981.
*1170 Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for petitioner.
Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for respondent.
McDONALD, Justice.
The Fifth District Court of Appeal has certified the following question as being of great public importance:[1]
Is a discovery deposition taken under Florida Rules of Criminal Procedure 3.220(d) by defendant's counsel, with defendant present or with his presence waived, admissible in evidence against defendant at the trial of the criminal charge against him when the witness has died or is otherwise unavailable for trial, in the light of the decision of the United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
The answer is no.
James was convicted of burglary, attempted sexual battery, and robbery. Defense counsel deposed the victim under Florida Rule of Criminal Procedure 3.220(d). The victim died before trial, and the state sought to introduce her discovery deposition at trial. The trial court allowed introduction of the deposition. The district court, relying on State v. Basiliere, 353 So.2d 820 (Fla. 1977), reversed, but, upon consideration of Ohio v. Roberts,[2] certified the present question.
Basiliere also involved the use of a discovery deposition in a trial before which the victim died. Basiliere was incarcerated and was not present at the deposition. We held under those conditions that use of the deposition at trial violated the United States Constitution's Sixth Amendment Confrontation Clause and the Florida Rules of Criminal Procedure.
The state contends that Basiliere does not control the present case. First, it argues that Basiliere's right of confrontation was violated because he was incarcerated and was not allowed to attend the deposition. James, on the other hand, was not incarcerated, and, under Roberts, his right of confrontation was not otherwise violated. Second, the state argues that Basiliere's holding that the rules of criminal procedure do not allow discovery depositions to be used substantively at trial was based on the facts of Basiliere, which constituted a confrontation clause violation. Here, it is argued, such an interpretation need not be applied, because there has been no confrontation *1171 clause violation. Therefore, the rules should be construed to permit the instant use of a discovery deposition.
Under the present rules of criminal procedure, the deposition was used for an improper purpose. The rule plainly states that discovery depositions "may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness." (Emphasis supplied.) Compare Fla.R.Crim.P. 3.220(d) (discovery depositions) and 3.190(j) (depositions to perpetuate testimony) with Fla.R. Civ.P. 1.330 (depositions in a civil trial). We hold that discovery depositions may not be used as substantive evidence in a criminal trial. Since this holding is dispositive of this case, we decline to rule on the assertion that the use of the deposition in this case violates the confrontation provision of the sixth amendment.
The certified question is answered in the negative, and this case is remanded to the district court for proceedings consistent with our holding.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
ENGLAND and ALDERMAN, JJ., dissent.
NOTES
[1] James v. State, 400 So.2d 571 (Fla. 5th DCA 1980).
[2] 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Roberts sustained an Ohio statute authorizing the use of preliminary hearing testimony at trial under limited conditions. The testimony so used in Roberts was for rebuttal only.