DANIEL S. PEARSON, Judge.
Unlike the rule of criminal procedure which permits the use of discovery depositions only “for the purpose of contradicting or impeaching the testimony of the deponent as a witness,” see Fla.R.Crim.P. 3.220(d); State v. James, 402 So.2d 1169 (Fla.1981); State v. Basiliere, 353 So.2d 820 (Fla.1977), the comparable rule of civil procedure permits a witness’s discovery deposition to be used for any purpose if, inter alia, the court finds “that such exceptional cir *1224 cumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court,” Fla.R.Civ.P. 1.330(a)(3)(E). The main question before us, one of first impression in this state, is whether when, as here, a trial witness asserts her privilege against self-incrimination and the hearing examiner conducting the civil proceeding exempts her from testifying on account of this privilege, and the party against whom the deposition is offered has had the opportunity and motive to develop the testimony by appropriate examination, an exceptional circumstance exists so as to allow the introduction of the witness’s deposition. The secondary question is whether the predicates to the introduction of a witness’s deposition under the exceptional circumstance rule, that is, “application and notice,” are satisfied when the witness, with no advance warning, asserts her privilege against self-incrimination at trial. We answer both questions affirmatively.
In Union Bank v. Safanie, 5 Ariz.App. 342, 427 P.2d 146 (1967), the Court of Appeals of Arizona addressed the same questions under an identical rule of civil procedure.
“Plaintiffs subpoenaed Parker as a witness but when called to the witness stand, he refused to answer any questions concerning the transactions between the plaintiffs and defendant on the ground that his answers might tend to incriminate him. Plaintiffs’ counsel then requested permission to use Parker’s deposition, claiming that the situation was an ‘exceptional circumstance’ within the purview of A.R.C.P. Rule 26(d)(3)(v) ....
“Defendant’s counsel objected to the admission of the deposition upon the grounds that the application was untimely, there was no time to resist it and the notice was insufficient. Further objection was made that Mr. Parker’s refusal to testify, honored by the court, did not constitute exceptional circumstances.
“It is our conclusion that Parker’s deposition was essential to plaintiffs’ case and Rule 26(d)(3) should be construed ‘to secure the just, speedy, and inexpensive determination of every action.’ . .. “Defendant’s complaint as to lack of timeliness of the application and insufficiency of the notice was but one factor to be weighed in balancing the interests of the parties. There is no time requirement set forth in Rule 26(d)(3) and we cannot see any dereliction on plaintiffs’ part in this regard. Surely it cannot be argued that use of the deposition at trial could have been requested prior to the occurrence of the ‘exceptional circumstance’ of Mr. Parker’s refusal to testify. ... ” Id. 427 P.2d at 153-54.
While we agree with the Arizona court’s resolution of these issues, we go further. Since a witness who “[i]s exempted by a ruling of a court on the ground of privilege from testifying concerning the subject matter of his statement” is definitively unavailable, see § 90.804(l)(a), Fla.Stat. (1981), and the witness’s former testimony an exception to the rule against hearsay, see § 90.-804(2)(a), Fla.Stat. (1981),[1] we would hold that such a witness is as unavailable as one who is dead, at a greater distance than one hundred miles from the place of trial or hearing, or unable to testify because of age, illness, infirmity, or imprisonment, see State v. Yates, 442 S.W.2d 21 (Mo.1969), and that, therefore, her court-approved refusal is, as a matter of law, an exceptional circumstance mandating the use of her deposition.
We conclude, therefore, that the hearing examiner erred in finding that the witness was available because physically present and in denying the appellant the right to use the witness’s deposition. Since the deposition testimony of the witness was material and relevant to the stolen food stamp charges against Bennett and would have provided sufficient evidence to support *1225 Bennett’s dismissal, we reverse the order of the hearing examiner, which reinstated Bennett to the Department of Health and Rehabilitative Services with back pay, and remand the cause for a new hearing before the Career Service Commission to be conducted in accordance with the views expressed in this opinion.
Reversed and remanded.

. It appears that the witness’s deposition may also have constituted a statement against interest qualifying it for admission under Section 90.804(2)(c), Florida Statutes (1981).