COWART, Judge.
This case involves the excited utterance (res gestae) exception to the rule of evidence excluding hearsay.
A petition for delinquency charged the defendant child with unlawfully handling, fondling, or making an assault in a lewd and lascivious manner on a five year old child. This charge is under section 800.-04(1), Florida Statutes. The charging document does not charge defendant under section 800.04(3), which prohibits a knowing, lewd and lascivious act in the presence of a child.
Three witnesses testified at trial. The victim and her brother testified on direct knowledge that the defendant dropped his trousers in the presence of the victim and grabbed for the victim’s dress. This would constitute a lewd act in the presence of a child under section 800.04(3), but not a lewd and unlawful handling, fondling or touching under section 800.04(3).[1] The victim’s mother did not personally witness the event but testified that seven months after the incident, the victim reported to her that the defendant touched the victim’s vagina with his finger.
Therefore, the only evidence before the court relating to the offense charged (§ 800.04(1), FIa.Stat.) was the testimony of the victim's mother, which was hearsay and inadmissible unless it falls within one of the established exceptions to the hearsay rule. The only exception argued by the State is that the statement from the child to the mother was an excited utterance.
As an exception to the hearsay rule, section 90.803(2), Florida Statutes, provides:
(2) Excited utterance — A statement or excited utterance relating to a startling event or condition made while the declar-ant was under the stress of excitement caused by the event or condition.
The essential elements required in order for a statement to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event. State v. Jano, 524 So.2d 660 (Fla.1988) citing Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982).
The reliability of an excited utterance is based on the spontaneity with which the utterance was given. Lapse of time between the utterance and event decreases the likelihood of spontaneity. The passage of time allows for fabrication on the part of the declarant and diminishes the reliability of such out of court statements. See Mo-narca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Carver v. State, 344 *463 So.2d 1328 (Fla. 1st DCA 1977), cert, denied, 352 So.2d 174 (Fla.1977); Appell v. State, 250 So.2d 318 (Fla. 4th DCA 1971), cert, denied, 257 So.2d 257 (Fla.1971). See also 6 Wigmore, Evidence in Trials at Common Law § 1750 (Chadborne Revision 1976), Morgan, Basic Problems of Evidence, p. 342 (1963); McCormick, Handbook on the Law of Evidence § 272 (1954).
Under this exception to the hearsay, the hearsay excited utterance statement must have been uttered at the time at which the event occurred or shortly thereafter and the event which is the subject matter of the excited statement must have been the cause of the excitement that existed when the statement was made. See Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986); Lyles v. State, 412 So.2d 458 (Fla. 2d DCA 1982); Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977).
In this case, the statment by the child victim to her mother occurred seven months after the event in question and any emotion of excitement causing the statement was the result of hearing a sermon at church and not a result of the incident itself.
Because the charge is that the defendant touched, handled, fondled or made an assault in a lewd and lascivious manner upon the child (§ 800.04(1), Fla.Stat.), and the only evidence to support that charge was the hearsay testimony of the mother, which was inadmissible, the finding of delinquency must be, and it is
REVERSED.
SHARP, C.J., and COBB, J., concur.

. Many statutes such as section 800.04(1) and section 800.04(3) describe, define, and prohibit two discrete criminal offenses and it is very important that the State charge the crime supported by the evidence to be presented at trial. Unfortunately the State did not, at trial, have the child victim testify about the touching of its vagina. It is also unfortunate the State did not charge in two counts, with one count under section 800.04(3) based on the trouser dropping lewd act in the presence of a child. Constitutional due process prohibits the defendant from being convicted of a crime not charged. The State cannot charge one crime and prove another. The allegata and the probata must correspond and agree. See Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987).