■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE TURNER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant's contention that the court erred in denying his motion to suppress identification testimony is lacking in merit. Although evidence of the station house showup should have been suppressed *(see, People v Riley,* 70 NY2d 523, 530; *People v Straughter,* 152 AD2d 919), the suppression court properly found that there was an independent source for the identification because the witness, who was suspicious of defendant, was able to observe him carefully for 15 to 20 minutes prior to the crime *(see, Manson v Brathwaite,* 432 US 98, 110; *People v Riley, supra,* at 531; *People v Straughter, supra; People v Graham,* 67 AD2d 172, 177).

It was error to permit the Assistant District Attorney to give rebuttal testimony offered solely to impeach defendant's witness regarding a collateral matter *(see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *cf., People v Hudy,* 73 NY2d 40, 56), but we deem the error harmless in view of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe County Court, Mark, J.—criminal possession of stolen property, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE TURNER, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Memorandum: The court did not err in denying defendant's motion to vacate its judgment of June 1, 1981 upon the ground of newly discovered evidence *(see,* CPL 440.10). In view of the overwhelming proof of defendant's guilt, it cannot be said that the "newly discovered evidence" is of such character that it would change the result if a new trial were granted *(People v Salemi,* 309 NY 208, 215, *cert denied* 350 US 950). (Appeal from order of Monroe County Court, Mark, J.—CPL art 440.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.