■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY McGOWAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 17, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the photo array from which he and his codefendant Frank Russo were identified was unnecessarily suggestive and conducive to irreparable mistaken identification has been considered and rejected by this court on the codefendant's appeal (see, People v Russo, 109 AD2d 855). The defendant has not advanced any argument requiring a different result herein.

The defendant further contends that the prosecution failed to adduce legally sufficient evidence to establish his guilt of robbery in the first degree premised upon his accomplice's display of what appeared to be a handgun. However, as the

defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Lyons,* 154 AD2d 715; *People v Udzinski,* 146 AD2d 245). In any event, the uncontroverted testimony which indicated that the accomplice held his hand in his jacket in such a manner that it appeared to the victim that he had a gun, while threatening to "blow" the victim away, fully supported a finding by the jury that there was a conscious display by the accomplice of what appeared to be a handgun *(see,* Penal Law § 160.15 [4]; *People v Lopez,* 73 NY2d 214, 222; *People v Smith,* 142 AD2d 619; *People v Armour,* 140 AD2d 354).

Additionally, viewing the identification evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, in view of his past history of criminal behavior, the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Eiber and Harwood, JJ., concur.