■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered November 4, 1987, convicting him of attempted aggravated assault upon a police officer, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the crime of attempted aggravated assault upon a police officer. Penal Law § 120.11 provides:

"§ 120.11 Aggravated assault upon a police officer * * *.

"A person is guilty of aggravated assault upon a police officer * * * when, with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a police officer * * * engaged in the course of performing his official duties, he causes such injury by means of a deadly weapon when such weapon is a firearm".

On the instant appeal, the defendant argues that the evidence was legally insufficient to support his conviction. Preliminarily, we note that this issue has not been preserved for appellate review as a matter of law inasmuch as it was not raised with specificity in the trial court (see, People v Bynum, 70 NY2d 858; People v McGowan, 160 AD2d 896). In any event, viewing the evidence adduced at trial in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. An off-duty detective testified unequivocally that his car windows were open and that he was about six feet away from the defendant and his companion when the detective yelled "Police", while displaying his shield and gun. Thereupon, the defendant and his companion drew revolvers and both fired at him.

Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant further argues that the trial court erred in refusing to admit into evidence a tape recording of the contents of an anonymous "911" call. We disagree. The defendant's trial counsel argued that this tape recording was admis-

sible, solely under the business record exception to the hearsay rule. However, as defendant's appellate counsel concedes, this tape recording did not qualify as a business record *(see, People v Wilson,* 123 AD2d 457). The question of whether the tape was admissible under another exception to the hearsay rule relied on by appellate counsel, i.e., the present sense impression exception, has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Esteves,* 152 AD2d 406, 412). In any event, a review of the record indicates that the trial court properly ruled that the contents of the tape recording did not constitute relevant evidence to any material issue in this case *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; *People v O'Connor,* 154 AD2d 626; *People v Brown,* 133 AD2d 773, 774; *People v Austin,* 112 AD2d 242). We have examined the defendant's remaining argument that his sentence was excessive, and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.