# DEPARTMENT OF EDUCATION v HERNANDEZ
## Case No. 89-3662
State of Florida, Division of Administrative Hearings

September 20, 1990

## APPEARANCES OF COUNSEL

**Carolyn LeBoeuf, Esquire,** Brooks & LeBoeuf, for petitioner.
**David Hernandez,** pro se.

## OPINION OF THE COURT

ROBERT T. BENTON, II, Hearing Officer

■

## ORDER DETERMINING DEPOSITIONS HEARSAY INADMISSIBLE OVER OBJECTION BUT AFFORDING PETITIONER AN OPPORTUNITY TO REOPEN THE EVIDENCE

When this matter came on for hearing in Tallahassee, Florida, on June 8, 1990, petitioner offered two "criminal defense depositions" (T. 179) in lieu of the deponents' testimony at the formal administrative hearing. Although under subpoena requiring their attendance at the administrative hearing, neither deponent in fact appeared.

Petitioner's counsel offered the depositions "relying on . . . Rules of Civil Procedure, Rule 1.330(3) where a deposition of a witness, whether or not a party, may be used by any part for any purpose . . ." T. 179. Respondent first objected to both depositions "[a]absolutely . . . [and] completely," (T. 177), but, when he later said, "I'm all for Keely Water[s'] deposition to be submitted," (T. 182), the hearing officer ruled, "All right. Without objection, that's in." T. 182.

Mary Waters' deposition came in evidence over objection. T. 184. Rejecting the view that the Florida Rules of Civil Procedure controlled, the hearing officer expressed the

belie[f] that under Section 90.804 sub (2) sub ([a]), this would be admissible as testimony in a deposition taken in compliance with law in [the] course of another proceeding in which [the] respondent here, the criminal defendant in the other proceeding, had an opportunity and a similar motive to develop. . .testimony by direct, cross or redirect examination. T. 181. In effect, the hearing officer found the witnesses unavailable within the meaning of Section 90.804(2), Florida Statutes (1989), and concluded that respondent had "a similar motive to develop the[ir] testimony by direct . . . examination," Section 90.804(2)(a), Florida Statutes (1989), during discovery in the criminal proceeding.

### Second Thoughts

After the hearing, the hearing officer found court decisions that persuaded him that his conclusion as to "similar motive" was mistaken. Among these were *State v James,* 402 So.2d 1169 (Fla. 1981) (inculpatory deposition taken under Fla. R. Crim. P. 3.220 inadmissible at criminal trial, even in absence of confrontation clause problem); *State v Basiliere,* 353 So.2d 820 (Fla. 1978) ("when the defendant sought discovery through means of deposition, it was only to certain factors upon which the charge was based. Being unaware that the deposition would be the only opportunity he would have to examine

and challenge the accuracy of deponent's statements, defendant could not have been expected to conduct an adequate cross-examination as to matters of which he first gained knowledge at the taking of the deposition." At 824-5); *Jackson v State,* 453 So.2d 456 (Fla. 4th DCA 1984) (exculpatory deposition taken under Fla. R. Crim. P. 3.220 inadmissible at criminal trial); and *Terrell v State,* 407 So.2d 1039 (Fla. 1st DCA 1981) ("substantive use of a deposition taken solely for the purpose of discovery has been held to be improper under the Florida Rules of Criminal Procedure." At 1040-1).

In a telephone conference call on September 7, 1990, the hearing officer apprised respondent and counsel for petitioner of his intention to use the depositions only for the limited purposes the Administrative Procedure Act authorizes for hearsay. Section 120.58(1)(a), Florida Statutes (1989). Petitioner's counsel agreed the depositions had been taken under Fla. R. Crim. P. 3.220, and made no request to reopen the evidence, but sought leave to file a memorandum.

Leave granted, petitioner's memorandum in support of the introduction of deposition testimony which was admitted in the formal hearing was filed on September 17, 1990.

### Memorandum Unpersuasive

In the memorandum, petitioner concedes that the criminal rules do not authorize use of the depositions (except as hearsay). Instead, petitioner reiterates her contention that they are admissible under Fla. R. Civ. P. 1.330(a)(3)(E), citing *Department of Health and Rehabilitative Services v Bennett,* 416 So.2d 1223 (Fla. 3d DCA 1982). But the *Bennett* opinion proceeds on the assumption that the deposition introduced in that case had been taken (under the civil rules) in discovery that occurred in that case.

Fla. R. Civ. P. 1.330(a)(3)(E) does not authorize the admission of any deposition not taken in the proceeding in which it is offered, and in substantial conformity with the rule. *Johns-Manville Sales Corp. v Janssens,* 463 So.2d 242 (Fla. 1st DCA 1984) ("highly questionable . . . that deposition testimony can be used under rule 1.330 unless offered in the same judicial proceeding in which it was originally taken" At 259); *Dinter v Brewer,* 420 So.2d 932 (Fla. 3d DCA 1982). The depositions at issue here were not taken under the civil rules and were not taken in the present proceeding.

Petitioner's reliance on *Johns-Manville Sales Corp. v Janssens,* 463 So.2d 242 (Fla. 1st DCA 1984) is misplaced because the depositions involved there were also taken under the civil rules, which consolidate

**195**

two different types of depositions, those to perpetuate testimony and those taken only for purposes of discovery, into a single, dual-purpose deposition. The *Johns-Manville* court stated:

We reject the arguments that Johns-Manville's motive for cross-examination was sufficiently different between 1976 and 1981 to require rejection of the testimony. The test for admissibility does not depend on any factors affecting motive for cross-examination other than the existence of substantial similarity of issues *giving rise to a similar motive to develop the testimony* through cross-examination. The rule requires only that Johns-Manville had the opportunity to cross-examine on those issues and was *legally called upon to do so.* Johns-Manville had the opportunity to full cross-examine Dr. Smith in the *DeRocco* case, and it was legally called upon to cross-examine on the failure-to-warn issues and Dr. Smith's credibility; *all unasked questions relevant to those issues are thereafter deemed waived.* Johns-Manville's strategic decision to forego questioning Dr. Smith about his alcoholic and psychiatric problems affords no legal basis for objecting to the use of that testimony in this case. At. 261 [Emphasis supplied.] Because the depositions in question here were taken for discovery only, under Fla. R. Crim. P. 3.220, respondent cannot be said to have had a similar motive to develop the testimony, or to have been legally called on to do so. Nor were unasked questions waived.

Petitioner also cites *Florida Department of Law Enforcement, Criminal Justice Standards and Training Commission v Dukes,* 484 So.2d 645 (Fla. 4th DCA 1986). But in that case the court ruled a statement *inadmissible* under Section 90.801(2), Florida Statutes (1989); and, therefore, subject to the restrictions on the use of hearsay which must apply to the depositions received in the present case. Finally, petitioner cites *Spicer v Metropolitan Dade County,* 458 So.2d 792 (Fla. 3d DCA 1989), where the court excluded former testimony because the witness, "a person in the Federal Witness Protection Program," 458 So.2d at 793, was not shown to be unavailable within the meaning of Section 90.908(2), Florida Statutes (1989). The former testimony involved in the *Spicer* case was, moreover, given at a criminal *trial,* where the defense undoubtedly had a similar motive to develop the witness' testimony.

### Former Testimony Exception Unavailable

The proper inquiry is whether the depositions fall within the purview of Section 90.804(2)(a), Florida Statutes (1989). *Johns-Manville Sales Corp. v Janssens,* 463 So.2d 242 (Fla. 1st DCA 1984); *Spicer v*

196

*Metropolitan Dade County,* 458 So.2d 792 (Fla. 3d DCA 1984); *Dinter v Brewer,* 420 So.2d 932 (Fla. 3d DCA 1982); *Department of Health and Rehabilitative Services v Bennett,* 416 So.2d 1223 (Fla. 3d DCA 1982)

"[P]provided that the declarant is unavailable," Section 90.804(2), Florida Statutes (1989), the statute allows testimony "in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination." Section 90.804(2)(a), Florida Statutes (1989). Here the depositions meet all requirements for admission, only if respondent had a similar motive to develop the deponents' testimony when criminal discovery took place.

Treating these criminal discovery depositions as former testimony within the meaning of Section 90.804(2)(a), Florida Statutes (1989) would not square with the Court's decision in *State v James,* 402 So.2d 1169 (Fla. 1981), upholding reversal of a conviction because a deposition taken under Fla. R. Crim. P. 3.220 had been admitted against the defendant. The *James* Court assumed no constitutional impediment, but concluded that the criminal rules did not authorize use of a discovery deposition at trial.

If Section 90.801(2), Florida Statutes had provided an independent basis for receiving the deposition, introduction of the discovery deposition against James would have been harmless error. After all, the evidence code applies in criminal proceedings as well as in civil proceedings. In *James,* the Court necessarily concluded, albeit by implication, that the statute afforded no independent basis for admission, because of the defendant's limited motive to develop the testimony of state's witnesses in depositions taken under Fla. R. Crim. P. 3.220.

A criminal defendant deposing a state's witness for purposes of discovery *(i.e.* under Fla. R. Crim. P. 3.220(h), not to perpetuate testimony under Fla. R. Crim. P. 3.190(j)) cannot be said to have the motive a party in a civil proceeding has fully to develop the deponent's testimony. While a party in a civil proceeding is charged with knowledge that Fla. R. Civ. P. 1.330 allows use of the deposition in lieu of live testimony in specified circumstances, a party proceeding under Fla. R. Crim. P. 3.220 is, in fact and in law, "unaware that the deposition would [or could] be the only opportunity he would have to examine and challenge the accuracy of deponent's statement." *State v Basiliere,* 353 So.2d 820, 825 (Fla. 1978). A host of strategic and tactical

considerations may lead the defense to refrain from questions which would cast a deponent's testimony in a very different light.

### Second Bite

Even in its memorandum, petitioner has not sought leave to reopen the evidence, although the memorandum does argue that "[h]ad the Hearing Officer . . . taken the matter under advisement, Petitioner would have had an opportunity to offer additional evidence or additional witnesses to prove her case." Particularly in light of the courts' literal interpretation of Section 120.58(1)(a), Florida Statutes (1989) to prohibit finding facts based on hearsay, even when the hearsay comes in without objection, *Juste v Department of Health and Rehabilitative Services,* 520 So.2d 69 (Fla. 1st DCA 1988), petitioner should be afforded an opportunity to offer additional evidence.

It is, accordingly,

ORDERED:

1. The depositions of Keely Waters and Mary Waters received at the formal administrative hearing comprise hearsay inadmissible over objection in civil actions.

2. Petitioner shall be afforded an opportunity to adduce additional evidence if petitioner's counsel files a written request to do so on or before September 28, 1990.

DONE and ORDERED this 20th day of September, 1990 in Tallahassee, Leon County, Florida.