596 So.2d 1200 (1992)
Pearison WARE, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2511.
District Court of Appeal of Florida, Third District.
April 7, 1992.
*1201 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and COPE, JJ.
PER CURIAM.
Appellant was indicted for the first-degree murder of Mario Spikes, with premeditation, while engaged in the perpetration of aggravated child abuse. He was tried by a jury, and was found guilty of first-degree felony murder. He was adjudicated guilty and sentenced to life in prison with a minimum mandatory sentence of 25 years.
The case arose out of a domestic argument. Valerie Spikes, the mother of the deceased, and the appellant were lovers for about 6 years prior to the happening that gave rise to the instant case. The relationship at best was a stormy one. The appellant and Valerie Spikes argued and fought in the past. In fact, the appellant admitted to abusing the deceased[1] in the past. On the evening in question, the appellant went to Valerie's apartment where they had a fight. The deceased came in after the fight and the appellant transferred his rage to the deceased resulting in fisticuffs. Valerie intervened attempting to restrain the appellant. The deceased broke away from the appellant and went to his room. The defendant followed leaving a short time later. When Valerie went to check on her son, she found him bleeding profusely from the neck. He died from this wound. She called the police who arrived and investigated the killing. Valerie told the police the appellant had taken a knife from her kitchen and had stabbed her son. The knife was never found; one knife was missing from the kitchen set. The appellant was arrested and charged with first degree murder, with premeditation. At jury trial the appellant's defense was that he did not stab the deceased, but that Valerie attempted to stab him, missed, and accidentally stabbed her own son during the struggle. At trial, the trial judge, over appellant's objection, admitted into evidence a tape recording of Valerie's call to 911 for help. The jury found the appellant guilty and imposed a life sentence with 25 years minimum mandatory sentence. This appeal was taken.
The allegations by the appellant that the trial court erred in admitting the tape of the 911 call into evidence on the ground that the tape was almost completely irrelevant and had no real probative value, that the only value of the tape was to prove Valerie's state of mind immediately after the crime and tended to lend credence to Valerie's testimony, prejudicing the appellant in the eyes of the jury, when as in this case, Valerie's testimony is the only evidence against the appellant, are without merit. The appellant does admit that portions of the tape are admissible as an excited witness exception to the hearsay rule pursuant to Section 90.803(2), Florida Statutes (1989), but certainly the whole tape was not admissible.
The trial court was correct. The information contained on the tape is admissible as excited utterances and spontaneous statements pursuant to §§ 90.803(1) and 90.803(2), Florida Statutes (1989). Garcia v. State, 492 So.2d 360, 365 (Fla. 1986), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986); Conley v. State, 592 So.2d 723 (Fla. 1st DCA 1992); E.B. v. State, 531 So.2d 1053, 1054 (Fla. 3d DCA 1988); Kennedy v. State, 385 So.2d 1020, 1021-1022 (Fla. 5th DCA 1980); State v. Johnson, 382 So.2d 765, 766 (Fla. 2d DCA 1980); Williams v. State, 338 So.2d 251 (Fla. 3d DCA 1976); Allen Morris Company v. McNally, 305 So.2d 79, 80 (Fla. 3d DCA 1974); Darty v. State, 161 So.2d 864, 870-871 (Fla. 2d DCA 1964), cert. denied, 168 So.2d 147 (Fla. 1964); United States v. Rodriguez, 509 F.2d 1342, 1348, n. 3 (5th Cir.1975).
*1202 Therefore the verdict, adjudication and sentence are hereby affirmed.
Affirmed.
NOTES
[1] The deceased is the 16 year old son of Valerie Spikes.