■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY R. NEVERETT, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly determined that, although the victim's identification of defendant at a stationhouse showup was unreliable (see, People v Riley, 70 NY2d 523), the victim had an independent basis to support his in-court identification at trial (see, People v Ballott, 20 NY2d 600; People v Turner [appeal No. 1], 154 AD2d 885). The proof was sufficient to support defendant's conviction of attempted first degree robbery based on defendant's use or threatened use of a dangerous instrument (see, Penal Law §§110.00, 160.15 [3]). The victim testified that defendant threatened him and struck him in the face with what appeared to be a gun (see, People v McGowan, 160 AD2d 896; People v Smith, 142 AD2d 619, lv denied 73 NY2d 860). We have reviewed defendant's remaining arguments and find them to be either unpreserved or without merit. (Appeal from Judgment of Steuben County Court, Finnerty, J.—Attempted Robbery, 1st Degree.) Present —Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN A. MADORE, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the guilty verdict on the burglary second degree count of the indictment is contrary to the weight of evidence. We conclude that the trial court properly weighed the conflicting evidence and found in the People's favor (see, People v Bleakley, 69 NY2d 490, 495). Defendant's sentence is not harsh and excessive. (Appeal from Judgment of Supreme Court, Erie County, Dadd, J.—Burglary, 2nd Degree.) Present —Denman, P. J., Green, Pine, Balio and Fallon, JJ.