PER CURIAM.
Defendant, Guillermo Hernandez, appeals from a judgment of conviction for first degree murder, shooting or throwing missiles into a dwelling, aggravated assault with a firearm, and use of a firearm while engaged in a criminal offense. We affirm.
The defendant was arrested and charged with the murder of Francisco Morales. At the trial, the defendant testified that he first learned that the victim had been shot on the night of the murder when a friend named Fulgencio Colina confessed that he had killed the victim. In an effort to corroborate the defendant’s testimony, the defense requested to read the deposition testimony of Lazaro Berlaga to the jury. In the deposition, Berlaga testified that he heard Colina stating to several people that he had killed a drug dealer for giving him bad drugs. The trial court denied the request based on the defendant’s failure to diligently procure Berlaga’s attendance in accordance with section 90.804, Florida Statutes (1991), and Florida Rule of Criminal Procedure 3.220(h). The jury convicted the defendant, and he now appeals.
The deposition of Berlaga was properly excluded. The defendant sought to introduce the deposition as substantive evidence without perpetuating Berlaga’s testimony. Under section 90.804(2)(a), Florida Statutes (1991), deposition testimony is admissible as a hearsay exception if the witness is unavailable and if the opposing party had an opportunity and motive to develop the witness’ testimony. A discovery deposition, however, is not admissible as substantive evidence if it fails to comply with Florida Rule of Criminal Procedure 3.190(j), which establishes the requirements for perpetuating testimony. Rodriguez v. State, *917 17 F.L.W. 623, — So.2d - (Fla.1992); State v. James, 402 So.2d 1169 (Fla.1981).
Affirmed.