■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY ADKINSON, Appellant. [628 NYS2d 711] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered June 7, 1993, convicting him of sodomy in the first degree (four counts), sexual abuse in the first degree (six counts), assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial establishes that, on the morning of May 3, 1992, the defendant accosted the then-10-year-old complainant in the lobby of the complainant's apartment building. The defendant forced the complainant to go to the roof of the building where the defendant sodomized him. Immediately following the incident, the complainant returned to his apartment and reported the incident to his aunt, who telephoned 911.

When the aunt was unavailable to testify at trial regarding the contents of her telephone call, the trial court precluded the defendant from introducing into evidence a transcription of her telephone call under the present-sense exception to the hearsay rule. The court's ruling was proper since the aunt was not an eyewitness to the sodomy *(cf., People v Brown,* 80 NY2d 729; *People v Jardin,* 154 Misc 2d 172).

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of assault in the second degree (Penal Law § 120.05 [2]; § 10.00 [13]; *see generally, People v Carter,* 53 NY2d 113).

The defendant's claims of prosecutorial misconduct are without merit *(see generally, People v Arce,* 42 NY2d 179; *People v Galloway,* 54 NY2d 396).

The defendant's sentence is neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.