861 So.2d 511 (2003)
Wilson J. VIGLIONE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-81.
District Court of Appeal of Florida, Fifth District.
December 12, 2003.
George S. Pappas of Pappas, Russell & Pepe, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Viglione appeals from his judgment and sentences for kidnaping, false imprisonment, sexual battery and aggravated battery with a deadly weapon.[1] He asserts two points on appeal. First, that the trial court abused its discretion in refusing to allow defense counsel to exercise a peremptory *512 challenge against a prospective female juror because it found the grounds asserted to exclude her were not "gender neutral" and genuine. And second, that the trial court should have excluded as inadmissible hearsay, the testimony of four witnesses for the state as to what the victim told them during telephone calls made to them, while he was being held against his will and threatened during the course of the approximately six and one-half hour kidnaping incident. We affirm.'
The state argued that defense counsel waived the right to raise the peremptory challenge issue on appeal because defense counsel failed to renew its objection to the jury panel before the jury was sworn. The record shows that defense counsel made repeated objections to seating the female juror in question, and asked the court to reconsider its ruling denying the peremptory challenge. This occurred early in the jury selection or challenge process. After six jurors had been seated, the court inquired: "Do I hear any challenges on those six?" Defense counsel said: "No, your Honor."
Immediately thereafter, the alternate jurors were selected, and all the jurors and prospective jurors were returned to the courtroom. Ones not selected were excused. The court said it intended to give the jurors a "brief instruction." But it proceeded immediately to swear in the jurors, without asking counsel if they accepted the panel.
The state relies on Milstein v. Mutual Security Life Ins. Co., 705 So.2d 639 (Fla. 3d DCA 1998), which holds that the rule requiring counsel to renew the objection to a juror not excused through the unsuccessful exercise of a peremptory challenge before the jury panel is sworn in order to preserve that issue for appeal purposes[2] applies even if the parties never affirmatively accepted the jury and the court failed to ask counsel if they accepted the jury prior to swearing in the jury panel.
If the point of Joiner is to require counsel to alert the trial judge that he or she still believes reversible error has occurred and why, so that the judge can remedy the matter,[3] then in this case, defense counsel's repeated objection to seating the female juror and his attempt to back strike her, would appear to have sufficed. However, we do not need to reach that issue because, after reviewing the record we do not find that the trial judge abused his discretion in refusing to allow defense counsel to use a peremptory strike against this juror. Cunningham v. State, 838 So.2d 627 (Fla. 5th DCA 2003); Sharp v. State, 789 So.2d 1211 (Fla. 5th DCA 2001), rev. denied, 817 So.2d 850 (Fla. 2002). The appellate court should not "on a cold record, second guess" the trial judge. Cunningham, 838 So.2d at 630.
The state also argues the defense failed to preserve its hearsay objections regarding testimony from two state's witnesses, although defense counsel timely objected to the hearsay testimony given by two other state witnesses. During the testimony of the first witness, defense counsel said: "If I might, because there's going to be a lot of this testimony, can I just make this as my continuing objection that you've ruled on rather than ultimately objecting?" The court replied: "Yes, sir."
When the second witness began testifying as to what the victim told him on the telephone, defense counsel said: "Once again, objection to hearsay testimony of this witness also." The court replied: "Overruled. Same basis." Defense counsel *513 attempted to say something further but was cut off with the court's "overruled." The last two witnesses testified without defense counsel raising an objection, to the same kind of hearsay, on the same grounds. It appears that whether the defense objection was intended to be, and was understood by the court to be, a continuing objection to all of the same kind of hearsay is somewhat ambiguous.
However, giving the defense the benefit of the doubt on this issue,[4] we agree with the trial court's ruling that the victim's hearsay statements made to the recipients of his telephone calls while he was kidnaped and being threatened, beaten, and forced to try to get money to pay his captors, was admissible either as a spontaneous statement or an excited utterance, pursuant to section 90.803(1) and (2).[5] The victim's calls for help and pleas for money to obtain his release are similar to a victim's 911 calls, which we have held are admissible pursuant to the excited utterance or spontaneous statement exception to the hearsay rule. State v. Skolar, 692 So.2d 309 (Fla. 5th DCA 1997).
AFFIRMED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] §§ 787.01(1)(a), 787.02(2), 794.011(3) and 784.045(1)(a)2., Fla. Stat.
[2] See Joiner v. State, 618 So.2d 174 (Fla. 1993).
[3] See Nelson v. State, 688 So.2d 971 (Fla. 4th DCA), rev. denied, 697 So.2d 1217 (Fla.1997).
[4] See Howard v. State, 616 So.2d 484 (Fla. 1st DCA 1993); Thomas v. State, 599 So.2d 158 (Fla. 1st DCA), rev. denied, 604 So.2d 488 (Fla.1992).
[5] Section 90.803 provides for two related exceptions:

(1) Spontaneous statement.A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) Excited utterance.A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
See State v. Jano, 524 So.2d 660 (Fla.1988); Harmon v. State, 854 So.2d 697 (Fla. 5th DCA 2003); State v. Skolar, 692 So.2d 309 (Fla. 5th DCA 1997); G.M. v. State, 530 So.2d 461 (Fla. 5th DCA 1988).